ERIC P. ISRAEL (State Bar No. 132426)
*EPI@LNBYG.COM*
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Sam S. Leslie, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:24-bk-19380-BR |
| HAEDEUK YAE, | Chapter 7 |
| Debtor. | **TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE COMPROMISE WITH CHROMOLOGIC, LLC  AND NARESH MENON AND FOR ANCILLARY RELIEF; DECLARATION OF ERIC P. ISRAEL** |
| | Date:  May 12, 2026<br>Time:  10:00 a.m.<br>Place:  Courtroom "1668"<br>    255 E. Temple St.<br>    Los Angeles, CA 90012 |

Sam S. Leslie, the Chapter 7 trustee herein (the "Trustee"), has received a pleading from his own former special litigation counsel, McInnis Law and his co-counsel (collectively "Special Counsel"), supporting in part and opposing in part the Trustee's motion to approve a compromise and for ancillary relief (the "Motion" and the "Opposition", respectively).  Dkts 35 and 38.  The Trustee submits the within reply to the Opposition as follows:

1. No party has opposed the request to approve the underlying compromise.  Special Counsel's Opposition supports the request to approve the compromise with the underlying defendants.  The Trustee requests that the Court approve the compromise.

2. On the issue of fees, clearly a dispute has arisen with respect to the allowance of fees of Court-employed Special Counsel.  Indeed, when the Trustee and Special Counsel could

1

not agree on a recommendation to the Court on fees and costs, Special Counsel

suggested bifurcating approving the settlement from the fee and cost allowance request.

Although that is exactly what the Trustee has done, Special Counsel now objects and

asks the Court to affirmatively fix those fees – without a motion or fee application

seeking that relief and without notice of a fee request to creditors.  That request violates

express provisions of the Bankruptcy Code.  11 U.S.C. § 330(a); Fed. R. Bankr. P.

Rules 2002(a)(6), 2016.

3.  Special Counsel's employment application states:  "The Firm seeks to be compensated

for its services pursuant to 11 U.S.C. § 328, subject to further request of the Court."

Dkt 28 at par. 12. The Trustee notes that Section 328(a) provides (emphasis added):

> The trustee, . . . with the court's approval, may employ or authorize the
> employment of a professional person under section 327 or 1103 of this title,
> as the case may be, on any reasonable terms and conditions of employment,
> including on a retainer, on an hourly basis, on a fixed or percentage fee
> basis, or on a contingent fee basis.  <u>Notwithstanding such terms and
> conditions, the court may allow compensation different from the
> compensation provided under such terms and conditions after the conclusion
> of such employment, if such terms and conditions prove to have been
> improvident in light of developments not capable of being anticipated at the
> time of the fixing of such terms and conditions.</u>

4.  The Trustee agrees with the cases cited by Special Counsel that, under section 328,

deviating from the original terms of employment is unusual.  However, the Trustee

submits that this case is an appropriate instance for that relief.  Alternatively, paragraph

2 of the employment order does not unambiguously set forth employment under section

328.  Dkt 33.

5.  The Trustee notes that, having advised the Trustee numerous times that the fraud in the

inducement theory was the strongest theory against the Defendants with the highest

potential exposure to the defendants, Special Counsel now attempts to backtrack and

argue that this theory was never viable in the first place or that its exclusion had

minimal effect on the settlement obtained.  That position is not supported by the facts.

Before the initial mediation session, and before the district court granted defendants'

motion in limine and ruled that the fraud in the inducement theory was unavailable

because Special Counsel had never pled it in the first amended complaint, Special Counsel stated otherwise.  A copy of a memo from Timothy McInnis dated September 29, 2025, is attached to the Israel Declaration, marked as Exhibit "A" and incorporated herein by this reference.  Special Counsel's statements about the effect of this excluded theory are belied by their own words:

    a.  <u>Before</u> the first mediation session, Special Counsel stated:  "[T]he parties are very much at a crossroad of tension and uncertainty on the correct measure of damages. It is possible the judge will permit us to proceed on a fraud in the inducement theory. In which case singe [sic] damages are in the tens of millions. On the other hand, the judge may limit damages in the manner presented in defense counsel's letter.  In which case they will be calculated in the thousands."

    b.  <u>After </u>the motion in limine was granted, Special Counsel stated:  "The judge also denied our request to proceed with the so-called "fraud in the inducement" theory as an alternate way of determining liability. He alludes to this in the Civil Minutes where he says he grants defendants' Motion in Limine #2. The practical effect of this ruling is that we cannot prove that a single misrepresentation to the government at the beginning of the contracting process tainted all contracts going forward. Instead, we have to prove liability on a contract-by-contract basis. Not only does this increase our burden at trial but the judge precluded us from listing more than one or two representative employees for each category of time mischarging, so we will not be able to prove more than a handful of the roughly 90 contracts were tainted by fraud". Exhibit "5" to the Motion at p. 116.

Clearly, Special Counsel is now seeking to recharacterize the facts to convince the Court to overlook their error and leave their fees unaffected.

/ / /

/ / /

/ / /

6.  Special Counsel argues that the standards under section 328 to deviate from the original approved employment terms are not met here.  The Trustee disagrees, and the Trustee understands that the U.S. Trustee does as well.  As noted above, the Co-Relators were barred from pursuing a fraud in the inducement theory at the upcoming trial because they had failed to plead that theory in the operative complaint or to timely amend it.  The Trustee believes that this is an act of malpractice – failure to plead what Special Counsel had opined were the valuable claims potentially worth "tens of millions of dollars."  Such an event could not have been anticipated at the time of retention.

7.  In addition, the Trustee also believes that Special Counsel's receiving 90% of the recovery is unconscionable, and even that percentage is projected only after Special Counsel, at the last minute before the Trustee needed to file the Motion in order to comply with an order of the District Court, agreed voluntarily to reduce their contingency fee from 50%  to 33 1/3rd% and not seek recovery of costs from the Co-Relators' share.

8.  In terms of the relief sought in the Motion, the Trustee notes that there is no requirement that a compromise motion also seek to fix fees and costs, and the Trustee in the Motion does not even ask for allowance and instead affirmatively asks that the issue be reserved.  Only the Opposition requests that relief.  Contrary to Special Counsel's arguments, no malpractice complaint has been filed.  The Trustee notes that fixing professional fees in a bankruptcy case of a Court-employed professional is a core matter.  28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance and disallowance of claims against the estate) and (O) (other proceedings matters affecting the liquidation of the estate); In re Nucorp Energy, Inc., 764 F.2d 655, 659–60 (9th Cir. 1985) (bankruptcy court has exclusive jurisdiction over the compensation of professionals it employs, as these fees are necessary for the administration of the estate);  Home Express, Inc. v. Alamo Grp., LLC (In re Home Express, Inc.), 226 B.R. 657, 659 (Bankr. N.D. Cal. 1998) (fee disputes are "paramount and exclusive" to the bankruptcy court's jurisdiction). There is no jury trial right in this

4

core proceeding, and there is no need for the district court to hear the matter. If and when a malpractice complaint is actually filed, Special Counsel can raise those issues if it so chooses.

9. Because Special Counsel has two co-counsel, the Opposition implies that the other two attorneys were not retained and that the Bankruptcy Court lacks jurisdiction. Indeed, their supporting declarations affirmatively state that they were never employed and argue that they are not subject to Court approval of their fees. As a result, co-counsel should file a nunc pro tunc employment application now before seeking compensation in connection with representing the Trustee. The Trustee notes that Special Counsel's employment application did disclose that Special Counsel had co-counsel.[1] Co-counsel does not contend that they were unaware that one of the Co-Relators had filed bankruptcy and that the Trustee took over after the petition date. Indeed, the Trustee and his bankruptcy counsel both were actively involved in the litigation and attended both mediation sessions. The Settlement Agreement too expressly states that both the compromise and allowance of fees and costs are subject to approval of the Bankruptcy Court. Exhibit "1" to Leslie Declaration attached to Motion. In sum, they were fully aware that one of their clients was a bankruptcy trustee, and in addition to submitting a fee application, they should first file an application for nunc pro tunc approval of their employment.

///

///

---

[1] The employment application at par. 13 provides: "No agreement or understanding exists for a division of fees between the Firm and any other person or entity, except that 20% of the contingency fee will be shared with Cohen Seglias, who was local counsel when the Lawsuit was pending in Washington DC and is still actively participating in the litigation pro hac vice, and 15% of the contingency fee will be shared with Los Angeles-based Kleiman/Rajaram who is now serving as local counsel and cocounsel in the Lawsuit, and any additional statutory attorneys' fee award shall be divided pro rata based upon the fees billed by the three law firms. The division of labor and sharing of compensation with co-counsel may change depending on future events. If compensation sharing is to change, it will be disclosed in a future fee application."

The Trustee did not ask in the 9019 motion at bar for the Court to determine the allowable amount of fees and costs, and affirmatively asked to reserve the consideration of fees.  That issue is not actually before the Court except via Special Counsel's procedurally improper and untimely request in the Opposition.  The Court should disregard and overrule the arguments in the Opposition and grant the Motion in its entirety, including requiring that Special Counsel file fee application(s) as discussed in the Motion.  The Trustee further prays for all other appropriate relief.

DATED:  May 4, 2026                      LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
                                         L.L.P.

                                         By:        /s/ Eric P. Israel
                                                  ERIC P. ISRAEL
                                                  Attorneys for Sam S. Leslie, Chapter 7 Trustee

### DECLARATION OF ERIC P. ISRAEL

I, Eric P. Israel, declare as follows:

1. I am an attorney, duly licensed and entitled to practice in the State of California and before this Court. I am a partner in the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P., the duly employed attorneys for Sam S. Leslie, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Haedeuk Yae (the "Debtor").

2. I have personal knowledge of the facts in this declaration, except for those matters that are based upon information and belief, and as to such matters, I believe such matters to be true. If called as a witness, I could testify competently to these facts.

3. This declaration is being filed in support of the Trustee's Motion to Approve Compromise with Chromologic, LLC and Naresh Menon and for Ancillary Relief (the "Motion"). Dkt 35.

4. The Trustee and I received an email from Mr. McInnis dated September 29, 2025, discussing the importance of the fraud in the inducement theory. A true and correct copy of that email (with emphasis added) is attached hereto, marked as Exhibit "A" and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the facts stated above are true and correct to the best my knowledge.

Executed at Los Angeles, California, on May 4, 2026.


        */s/ Eric P. Israel*
        ERIC P. ISRAEL

# EXHIBIT "A"

**From:** Tim Mcinnis <tmcinnis@McInnis-Law.com>
**Sent:** Monday, September 29, 2025 11:42 AM
**To:** Eric P. Israel <epi@lnbyg.com>; Sam S Leslie (sleslie@trusteeleslie.com) <sleslie@trusteeleslie.com>
**Subject:** Chromologic counter offer (first)

Hi Sam and Eric:

Please see the attached counter offer from Chromologic's counsel. As you and I discussed before we made our initial demand, the parties are very much at a crossroad of tension and uncertainty on the correct measure of damages. It is possible the judge will permit us to proceed on a fraud in the inducement theory. In which case singe damages are in the tens of millions. On the other hand, the judge may limit damages in the manner presented in defense counsel's letter.  In which case they will be calculated in the thousands. I have a premotion conference scheduled with the defense attorneys tomorrow morning at which this issue will be front and center. If a motion is made asking the judge to clarify the measure of damages question it is likely we won't have an answer to that until mid-October.

If you are wondering where I think the judge is likely to will come out, I cannot say. Al I know is we will get two bites. The first is that our complaint provides sufficient notice. One of the attorneys on our team thinks it does; another thinks it does not. The second bite is that will get leave to amend the complaint to conform to the evidence adduced during discovery.  See Fed. R. Civ. P. 15(b)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue.") The standard is that leave should be "freely granted." However, the decision to grant leave to amend is discretionary. One attorney on our team thinks we should benefit from the rule's broad language; another is worried that our judge (Hon. Percy Anderson, U.S.D.J.) is capable of ruling in unpredictable ways.

I have spoken to your co-relator, Don Johnson, and he is inclined to defer to you on how to respond to the counter offer. Don is  assuming it will be with a counter offer from our side and currently has confidence in your judgment as to what number to put on the table. If that changes and you and he cannot agree then we have to bring in a third party to bridge any differences.

Let me know if you want to schedule a call or how you would like to proceed.

Tim



Timothy J. McInnis, Esq.
McInnis Law
521 Fifth Avenue, 17th Floor
New York, NY 10175-0038

Tel: (212) 292-4573
Fax: (212) 292-4574
Cell: (917) 903-9424

Web site: (http://www.mcinnis-law.com/)

***POTENTIALLY CONFIDENTIAL AND PRIVILEGED***
*The information contained in this e-mail and in any attachments might constitute privileged and confidential information for the sole use of the sender and the intended recipient and may contain attorney client communications, attorney work product and other legally privileged and confidential information. If you are not the intended recipient, or  someone responsible for delivering it to the intended recipient, please do not disseminate, distribute or copy this e-mail. If you have received this e-mail in error, please immediately notify the sender by telephone (collect) or e-mail and destroy the original e-mail and any attachments without reading, printing or saving them. Thank you.*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO APPROVE COMPROMISE WITH CHROMOLOGIC, LLC AND NARESH MENON AND FOR ANCILLARY RELIEF; DECLARATION OF ERIC P. ISRAEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 4, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Eric P Israel     epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Roland H Kedikian     roland@kedikianlaw.com, g2547@notify.cincompass.com;kedikian.rolandb126341@notify.bestcase.com
- Sam S Leslie (TR)     sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com
- Pooja Rajaram     pooja@krlaw.us
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **May 4, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Timothy J. McInnis, Esq.
> McInnis Law
> 521 Fifth Avenue, 17th Floor
> New York, NY 10175-0038

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 4, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 4, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**