PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
KELLY L. MORRISON, State Bar No. 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Ste 1850
Los Angeles, California 90017
(213) 894-2656 telephone
(213) 894-2603 facsimile
Email: *Kelly.L.Morrison@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

**HAEDEUK YAE,**

        Debtor(s).

) Case No.: 2:24-bk-19380 BR
)
)
) Chapter 7
)
)
)
) **UNITED STATES TRUSTEE'S**
) **STATEMENT IN SUPPORT OF**
) **TRUSTEE'S MOTION TO APPROVE**
) **COMPROMISE WITH CHROMOLOGIC,**
) **LLC AND NARESH MENON**
)
) Hearing Date:    May 12, 2026
) Time               10:00 a.m.
) Place              Courtroom 1668
)                      255 E. Temple St.
)                      Los Angeles, CA 90017
)
)
)

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

**DEBTOR AND ITS COUNSEL OF RECORD, AND ALL PARTIES IN INTEREST:**

      Peter C. Anderson, the United States Trustee for Region 16 ((("U.S. Trustee"), submits the

following Statement in connection with the Trustee's Motion to Approve Compromise with

Chromologic, LLC and Narensh Menon (Doc. No. 35) and the Memorandum in Partial Support of

and in Partial Opposition to the Motion, filed by McInnis Law, Kleiman Rajaram and Cohen

-1-

Seglias Pallas Greenhall & Furman, PC (collectively, "Special Counsel") (Doc. No. 38) (the "Response"):

## I. INTRODUCTION

The U.S. Trustee files this Statement to address discrete issues that fall within the U.S. Trustee's statutory responsibilities under 28 U.S.C. § 586(a)(3) to monitor the administration of cases under chapter 7 and to comment on applications for compensation by court-employed professionals. Although the U.S. Trustee takes no position at this time on the ultimate amount of any compensation that may be awarded to Special Counsel, the U.S. Trustee has a substantial interest in the procedural framework by which Special Counsel's fees and costs are to be determined, and in ensuring that any compensation paid from the estate complies with sections 327, 328, and 330 of the Bankruptcy Code.

For the reasons set forth below, the U.S. Trustee respectfully submits that:

- the Court should approve the underlying compromise with the defendants and bifurcate the issue of allowance of attorneys' fees and costs of Special Counsel, as the Trustee has requested;

- any allowance of fees and costs to Special Counsel must be determined through a properly noticed fee application that complies with Bankruptcy Rules 2016 and 2002(a)(6), and the Court should not enter any order in this proceeding that purports to fix, allocate, or pre-approve the amount of those fees and costs;

- the Court should direct that all settlement proceeds attributable to the Co-Relators' share and to attorneys' fees, expenses, and costs (other than amounts payable to the United States) be held by the Trustee in a segregated, interest-bearing account pending further order of this Court; and

- the Court's attention should be directed to the threshold issue that two of the three firms now seeking compensation from the estate, Kleiman Rajaram and Cohen Seglias Pallas Greenhall & Furman, P.C., were never employed by the Trustee under section 327 of the Bankruptcy Code, a question that should be resolved before any disbursement is made to those firms.

## II. THE COURT SHOULD APPROVE THE COMPROMISE AND BIFURCATE THE FEE DISPUTE

The U.S. Trustee does not oppose the request to approve the underlying compromise with Chromologic, LLC and Naresh Menon. The Trustee's analysis under *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), is supported by the record, including the participation of an experienced mediator (former U.S. Magistrate Judge Edward A. Infante) over two multi-day mediation sessions, the United States Attorney's approval of the settlement amount and the Co-Relators' share, the District Court's pretrial rulings, the death of Co-Relator Donald Johnson, and the practical realities of trial in light of those events. No party has opposed approval of the underlying compromise.

The U.S. Trustee likewise supports the Trustee's request to bifurcate the issue of allowance of Special Counsel's fees and costs from approval of the compromise. The Motion does not seek allowance of any fees, costs, or expenses of Special Counsel. It seeks approval of the compromise and an order directing Special Counsel to file a final fee application within sixty days. That bifurcated procedure is procedurally proper and is the way fee disputes ordinarily are resolved when they cannot be jointly presented with a settlement. As the Trustee notes, bifurcation was originally suggested by Special Counsel itself when the Trustee and Special Counsel could not jointly agree on a recommendation to the Court regarding the appropriate fees and costs to be allowed.

To the extent the Response can be read to invite the Court to fix Special Counsel's fees, costs, and expenses, or to make threshold determinations regarding the applicability of section 328(a), the existence (or non-existence) of malpractice, or the propriety of the contingency rate, the assignment of statutory fees, or any other compensation term, in this proceeding, the U.S. Trustee respectfully submits that the Court should decline to do so.

## III. ANY ALLOWANCE OF FEES MUST BE DETERMINED THROUGH A PROPERLY NOTICED FEE APPLICATION

Section 330 of the Bankruptcy Code provides that, "[a]fter notice to the parties in interest and the United States Trustee and a hearing" the court may award reasonable compensation to a court-employed professional. 11 U.S.C. § 330(a)(1). Bankruptcy Rule 2016(a) requires that any

entity seeking compensation file a written application "setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Bankruptcy Rule 2002(a)(6) requires that parties in interest receive at least twenty-one days' notice of any hearing on an application for compensation in excess of $1,000.

None of those procedural requirements has been satisfied in this proceeding. Special Counsel has not filed a fee application. No detailed statement of services, time expended, or expenses incurred has been presented to the Court. Creditors have not received the notice to which they are entitled under Rule 2002(a)(6). And the U.S. Trustee, who has a statutory role in monitoring fee applications and a corresponding interest in being heard on them, has had no opportunity to review supporting time and expense records.

The Response cites no authority for the proposition that the Court may, in a contested matter brought under Rule 9019, fix or allocate the compensation of a court-employed professional in the absence of a fee application that complies with section 330 and the Bankruptcy Rules. The Court has held repeatedly that fee disputes are core matters within its exclusive jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A), (B), (O); *In re Home Express, Inc.*, 226 B.R. 657, 659 (Bankr. N.D. Cal. 1998). But that exclusive jurisdiction is exercised through the procedural framework Congress established in section 330 and the Bankruptcy Rules, not through a Rule 9019 settlement motion.

The U.S. Trustee accordingly submits that the Court's ruling on the Motion should be limited to (i) approval of the underlying compromise; (ii) authorization for the Trustee to take the steps necessary to dismiss the District Court action and effectuate the settlement; (iii) direction that all settlement payments allocated to the Co-Relators' share and to attorneys' fees, expenses, and costs (other than amounts payable to the United States) be deposited and held by the Trustee in a segregated, interest-bearing account pending further order; and (iv) a deadline for Special Counsel to file a final fee application.

///

///

///

- 4 -

**IV.    TWO OF THE THREE FIRMS SEEKING COMPENSATION WERE NEVER EMPLOYED UNDER SECTION 327**

The U.S. Trustee respectfully draws the Court's attention to a threshold issue that should be resolved before any compensation is paid to Special Counsel from the estate. The Response makes clear, in the express, sworn declarations of two of the three firms now seeking payment, that two of those firms were never employed by the Trustee under section 327.

Pooja Rajaram, on behalf of Kleiman Rajaram, declares: "Neither I nor my law firm was ever appointed counsel or special litigation counsel to, or retained by, the Trustee for any legal matter, including the Qui Tam Action." Rajaram Decl. ¶ 4. Julie A. Grohovsky, on behalf of Cohen Seglias Pallas Greenhall & Furman, P.C., makes an identical declaration: "Neither I nor my law firm was ever appointed counsel or special litigation counsel to, or retained by, the Trustee for any legal matter, including the Qui Tam Action." Grohovsky Decl. ¶ 4. Each firm asserts an entitlement to be paid solely on the basis of a pre-petition retention agreement to which the Trustee was never a party and the agreement of co-counsel among themselves to allocate the contingency fee. Rajaram Decl. ¶ 5; Grohovsky Decl. ¶ 5.

Section 327 of the Bankruptcy Code is unambiguous: a chapter 7 trustee may employ professionals only "with the court's approval." 11 U.S.C. § 327(a), (e). A professional who has not been employed by the trustee under section 327 has no entitlement to compensation from the estate. *See In re Atkins*, 69 F.3d 970, 973–74 (9th Cir. 1995) (compensation requires prior court approval; nunc pro tunc approval available only on a showing of "exceptional circumstances"); *In re THC Fin. Corp.*, 837 F.2d 389, 392 (9th Cir. 1988). The bankruptcy court must, at minimum, satisfy itself that the professional satisfies the disinterestedness and adverse interest requirements of section 327, and that the employment is in the best interest of the estate, before authorizing compensation.

The Order Granting Application to Retain (Doc. No. 33) authorized the Trustee to employ "McInnis Law, as his special litigation counsel, pursuant to 11 U.S.C. § 327(e)." Doc. No. 33 ¶ 1. The Order does not authorize the employment of either Kleiman Rajaram or Cohen Seglias. Although the Trustee's employment application disclosed the existence of co-counsel relationships

and the contemplated sharing of fees among the three firms (Doc. No. 28 ¶ 13), disclosure of a fee-sharing arrangement is not a substitute for an employment order under section 327. Each firm seeking to be paid from the estate must be employed under section 327 in its own right or be retained by an employed professional in a manner that comports with the Bankruptcy Code.

The propriety of any payment to Kleiman Rajaram or Cohen Seglias from the estate, whether on a theory of *nunc pro tunc* employment or otherwise, has not been briefed and cannot be resolved on the present record. The amounts at issue are substantial: by Special Counsel's own calculation, Cohen Seglias claims $94,447 and Kleiman Rajaram claims $70,836, for a combined total of $165,283. Rajaram Decl. ¶ 6; Grohovsky Decl. ¶ 6. Before any portion of those amounts is paid from the estate, the section 327 issue must be addressed in a properly framed proceeding, and the U.S. Trustee will be heard.

## V. THE EMPLOYMENT ORDER DID NOT UNAMBIGUOUSLY PRE-APPROVE THE RETAINER'S COMPENSATION TERMS UNDER SECTION 328

The Response is built on the premise that section 328(a) of the Bankruptcy Code applies, and that the Court "unambiguously" pre-approved the terms of the pre-petition retainer agreement at the time of employment, such that the Court's authority to review fees is limited to the narrow "improvidence" inquiry described in that section. The U.S. Trustee respectfully submits that this premise should not be implicitly accepted in connection with the Motion. The Court should preserve the question for the future fee application.

The Ninth Circuit has held that the protections of section 328(a) attach only when the bankruptcy court has "unambiguously" pre-approved a particular set of compensation terms. *See Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 279 F.3d 669, 671 (9th Cir. 2001) (section 330's reasonableness inquiry is unavailable only where the court "unambiguously approved" the professional's employment agreement under section 328); *In re B.U.M. Int'l, Inc.*, 229 F.3d 824, 829 (9th Cir. 2000). Whether such an unambiguous pre-approval occurred here is, at minimum, a contestable question.

///

///

- 6 -

The Order Granting Application to Retain (Doc. No. 33) provides, in pertinent part: "The compensation to be awarded shall be fixed by the Court after notice and a hearing as may be required by 11 U.S.C. § 328 and other applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, and the practice and procedure of this Court." Doc. No. 33 ¶ 2 (emphasis added). On its face, that order does not pre-approve the contingency rate, the assignment of statutory fees, or any other particular compensation term. To the contrary, it expressly reserves "compensation to be awarded" for future determination by the Court "after notice and a hearing." Such an order is materially different from the kind of unambiguous pre-approval that locks in compensation terms under section 328(a).

The U.S. Trustee does not ask the Court to resolve the section 328 versus section 330 question now. That question, like the underlying question whether any post-employment "developments not capable of being anticipated" rendered the original terms improvident, is properly addressed when a fee application is before the Court on a fully developed record. The U.S. Trustee respectfully submits, however, that no implicit ruling on these questions should be entered through the present compromise motion, and that the Court should preserve all parties' rights to be heard on those questions when the time comes.

## VI. RESERVATION OF RIGHTS

The U.S. Trustee reserves all rights, including without limitation the right to:

1. object to any application for compensation filed by Special Counsel or by any of the firms claiming compensation from the estate;

2. challenge the applicability of section 328(a) to all or any part of the compensation sought, and to be heard on whether any compensation should be evaluated under section 330;

3. seek the reduction, denial, or disgorgement of any fees on any ground available under sections 327, 328, 330, or other applicable law, including any ground based on the absence of a section 327 employment order with respect to Kleiman Rajaram or Cohen Seglias;

4. be heard on any application by Kleiman Rajaram or Cohen Seglias for nunc pro tunc employment or any other relief; and

5.  take any other action consistent with the U.S. Trustee's responsibilities under 28 U.S.C. § 586.

**VII.  CONCLUSION**

For the foregoing reasons, the U.S. Trustee respectfully requests that the Court (i) approve the compromise with Chromologic, LLC and Naresh Menon and bifurcate the issue of allowance of Special Counsel's fees and costs as the Trustee requests; (ii) decline any invitation to fix, pre-approve, or otherwise determine the amount, allocation, or applicable standard for Special Counsel's fees and costs in this proceeding; (iii) direct that all settlement proceeds (other than amounts payable to the United States) be held by the Trustee in a segregated, interest-bearing account pending further order; (iv) set a deadline for Special Counsel to file a final fee application; and (v) grant such other and further relief as is just and proper.

DATED: May 5, 2026

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

/s/ Kelly L. Morrison
By:    KELLY L. MORRISON
       Trial Attorney

- 8 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd., Ste. 1850, Los Angeles, CA  90017

A true and correct copy of the foregoing document entitled (*specify*): UNITED STATES TRUSTEE'S STATEMENT
IN SUPPORT OF TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH CHROMOLOGIC, LLC AND
NARESH MENON

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/5/26          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*)   5/5/26          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/5/26          , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/5/26 | Kelly L. Morrison | /s/ Kelly L. Morrison |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**SECTION I – EMAIL SERVICE**

Eric P Israel, trustee's counsel, epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Roland H Kedikian, debtor's counsel, roland@kedikianlaw.com,
g2547@notify.cincompass.com;kedikian.rolandb126341@notify.bestcase.com

Sam S Leslie (TR), chapter 7 trustee, sleslie@trusteeleslie.com,
trustee@trusteeleslie.com;C195@ecfcbis.com

Pooja Rajaram, interested party, pooja@krlaw.us

United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Haedeuk Yae
1024 Royal Oaks Dr. Apt 916
Monrovia, CA 91016

**Judge**
Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St., Ste. 1660
Los Angeles, CA  90012

**Interested Party**
LEA Accountancy, LLP
1130 S. Flower Street, Suite 312
Los Angeles, CA 90015

**SECTION III – PERSONAL DELIVERY**

**n/a**