ORIGINAL

Pooja Rajaram [241777]
Mark Allen Kleiman [115919]
KLEIMAN / RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: mark@krlaw.us
Email: pooja@krlaw.us

Attorneys for Special Paty In Interest
NOELLE JOHNSON, AS SUCCESSOR
TO THE ESTATE OF DONALD JOHNSON



FILED

JUL 13 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HAEDEUK YAE,<br><br>      Debtor. | Case No. 2:24-bk-19380-BR<br><br>Chapter 7<br><br>NOTICE OF MOTION AND MOTION REGARDING APPLICATION FOR PAYMENT OF FINAL FEES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration Of Timothy J. McInnis In Support Thereof Filed Concurrently Herewith]<br><br>Date: TBD<br>Time: 10:00 a.m.<br>Place: Courtroom "1668"<br>       255 E. Temple St.<br>       Los Angeles, CA  90012 |

1

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

PLEASE TAKE NOTICE THAT on at date to be determined by the Court within 21 days of the date of filing at 10:00 a.m. or as soon thereafter as this matter may be heard in Courtroom "1668: at 255 Temple Street, Los Angles, California, Noelle Johnson, As Successor to the Estate of Donald Johnson (Special Party in Interest) will and hereby does move the Court an Order granting final ees and Expenses.

The Motion will be based on this notice and Motion, the Memorandum of Points and Authorities, the Declaration of Timothy J. McInnis, and on such other evidence that may be presented at the hearing.

Respectfully submitted,

Dated:  July 13, 2026          KLEIMAN RAJARAM


By: _____
Pooja Rajaram (SBN 241777)
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
310-392-5455
pooja@krlaw.us

Attorneys for Special Paty In Interest
NOELLE JOHNSON, AS
SUCCESSOR TO THE ESTATE
OF DONALD JOHNSON

2
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES..........................................6

FACTUAL BACKGROUND AND PROCEDURAL HISTORY...........................6

ARGUMENT ....................................................................................................10

GOVERNING LAW, STANDARDS AND PRINCIPLES .......................................10

THE TRUSTEE UNAMBIGUOUSLY EMPLOYED MCINNIS LAW
UNDER SECTION 328(A) ...............................................................................13

THE RETENTION AGREEMENT'S TERMS AND CONDITIONS
REQUIRE ALLOWING AND PAYING MCINNIS LAW THE
REQUESTED FEES AND EXPENSES AND THE JOHNSON ESTATE'S
REQUEST FOR ITS RELATOR'S SHARE AND STATUTORY FEES,
EXPENSES AND COSTS..................................................................................14

THERE ARE NO GROUNDS UNDER SECTION 328(A) TO
DISREGARD THE RETENTION AGREEMENT'S TERMS
AND CONDITIONS ........................................................................................15

CONCLUSION.................................................................................................20

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

# TABLE OF AUTHORITIES

_**Page**_

_Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc._
_(In re Circle K Corp.)_, 279 F.3d 669 (9th Cir. 2001) ..................................... 11,18

_City of Riverside v. Rivera,_
477 U.S. 561 (1986) .............................................................................. 18

_Friedman Enters. v. B.UM Int'l Inc._
_(In re B.UM. Int'l, Inc.)_, 229 F.3d 824 ................................................ 11,12

_Gonzalez v. City of Maywood,_
729 F.3d 1196 (9th Cir. 2013) ................................................................ 18

_In re A & C Properties,_
784 F.2d 1377 (9th Cir. 1986) ................................................................ 19

_In re Amdura Corp.,_
139 B.R. 963 (Bankr. D. Colo. 1992) ..................................................... 13

_In re Barron,_
325 F.3d 690 (5th Cir. 2003) ............................................................. 12,16

_In re B. UM Int'l, Inc.,_
229 F.3d 824 (9th Cir. 2000) ............................................................. 11,12

_In re Carla Leather, Inc.,_
44 B.R. 457 (Bankr. S.D.N.Y. 1984) ...................................................... 19

_In re Circle K Corp.,_
279 F.3d 1077 (9th Cir. 2001) ........................................................... 11,18

_In re Confections by Sandra, Inc.,_
83 B.R. 729 (B.A.P. 9th Cir. 1987) ......................................................... 19

_In re Gilbertson,_
No. 06-C-610, 2007 U.S. Dist. LEXIS 11734,
2007 WL 433096, at *5 (E.D. Wisc. Feb. 4, 2007) ................................... 12

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

*In re Reimers,*
 972 F.2d 1127 (9th Cir. 1992) ................................................................. 12

*In re Smart World Techs., LLC,*
 552 F.3d at 228 (2d Cir. 2009) ........................................................ 11,12,16

*McCown v. City of Fontana,*
 565 F.3d at 1097 (9th Cir. 2008) ............................................................ 18

*Protective Committee for Independent Stockholders of TNT*
 *Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) ............................ 19

*Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm.*
 *of Unsecured Creditors (In re Smart World Techs., LLC),*
 552 F.3d 228 (2d Cir. 2009) .......................................................... 11,12,16

*United States v. Alaska National Bank (In re Walsh Construction, Inc.),*
 669 F.2d 1325 (9th Cir. 1982) ............................................................... 19

*United States v. CDW-Government, Inc.,* No. 3:05-cv-00033-DRH-PMF,
 2013 WL 11267176, at *13 (S.D. Ill. May 17, 2013) ............................ 18

*United States ex rel. DePace v. Cooper Health System,*
 940 F. Supp.2d 208 (D.N.J. 2013) ......................................................... 18

*United States ex rel. Shepard v. Grand Junction Regl. Airport Auth.,*
 No. 13-cv-00736-CMA-CBS, 2017 U.S. Dist. LEXIS 232804,
 2017 WL 11556405, at *3 (D. Colo. July 24, 2017) .............................. 18

*Weintraub v. Chicago Title Co. Priority Publ. & Posting,*
 9 Fed. Appx. 643 (9th Cir. 2001) ........................................................... 11

*Won Ho Song v. Ehrenberg (In re Won Ho Song),*
 359 Fed. Appx. 817, 817 (9th Cir. 2009) ............................................... 12

**STATUTES**

11 U.S.C. § 330 .............................................................................. *passim*

11 U.S.C. § 328 .............................................................................. *passim*

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

## MEMORANDUM OF POINTS AND AUTHORITIES

Attorney Timothy J. Mcinnis ("McInnis"), of McInnis Law, by the undersigned, respectfully submits this memorandum and the accompanying notice of motion, application for fees, proposed order and declaration of McInnis ("McInnis Decl."), with the attached exhibits and referenced and incorporated docket entries, in support of a final application for allowance and payment of fees ($467,240.06) and expenses ($70,259.89). For the reasons discussed below, McInnis' application should be granted in its entirety.

Additionally, the Court should grant the request of co-relator, Noelle Johnson, as Successor to Estate of Donald Johnson (deceased) ("Johnson"), that the estate's rights and obligation under a retention agreement among Johnson, debtor Haedeuk Yae ("Yae") and McInnis (the "Retention Agreement") should be given full effect and not be diminished or encumbered or in any manner be negatively affected by these proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 6, 2020, attorneys McInnis, Thomas R. Fallati of Tabner Ryan and Mark A. Kleiman ("Kleiman"), of Kleiman Rajaram commenced a False Claims Act qui tam lawsuit on behalf of Johnson against his former employer Chromologic, LLC ("Chromologic") and its owner Naresh Menon ("Menon") (collectively, "Defendants") in the United States District Court for the Central District of California (the "Original Qui Tam Action"). See Ex. 7[1]. In his complaint, Johnson charged Defendants with committing research fraud while performing under various Small Business Innovation Research ("SBIR") contracts with numerous government agencies. On October 16, 2020, after the government investigated these allegations and filed a notice that it was declining to intervene in the matter, Johnson dismissed the action without prejudice.

---

[1] Unless noted otherwise, exhibit numbers refer to exhibits identified in the McInnis Decl.

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

In early February 2021, Johnson and Yae, who was also formerly employed by Chromologic, (the "Co-Relators"), jointly retained McInnis Law to represent them in a renewed False Claim Action against Defendants. The retention of McInnis Law was pursuant to a written agreement that included a co-relator addendum ( "Retention Agreement"). See Dkt 28 at 13-25.[2]  Among other provisions relevant to this proceeding, the Retention Agreement provided for attorneys' fees comprised of both a contingency percentage[3] and a False Claims Act statutory (hourly) fee. And the Retention Agreement also provided for McInnis Law's receipt of False Claims Act statutory expenses and costs. Notably, at the time they executed the Retention Agreement, both Co-Relators assigned all rights, title and interest in the statutory fees and expenses and costs to McInnis Law. The Retention Agreement also included an addendum agreement between the Co-Relators. Among other things, it contained a provision by which they would share in any recovery and all expenses and costs 50-50. See Dkt 28 at 23-25.

On August 5, 2021, attorneys McInnis and Julie Ann Grohovsky, of Wu, Grohovsky and later Cohen Seglias, commenced the renewed False Claims Act qui tam lawsuit against Defendants on behalf of Co-Relators in the United States District Court for the District of Columbia (the "Qui Tam Action"). See Ex. 8. Not only did the renewed action add Yae as a plaintiff but it also added time fraud allegations against Defendants. See McInnis Decl. at ¶55. Following a government investigation limited to the time fraud allegations and its filing of a notice that it was declining to intervene in the matter, Co-Relators elected to proceed with the action on a non-intervened basis. See Ex. 8. Doing so was permitted by the qui tam provisions of the False Claims Act,

---

[2] Dkt refers to the ECF docket in this court. Unless noted otherwise, page numbers refer to the court's ECF docket number page numbers and not the documents' pagination

[3] Because this matter proceeded as a "non-intervened" or 'declined" qui tam case, that percentage was 50%. *Id.* However, during the settlement process McInnis unilaterally and voluntarily reduced it to 33 1/3%. McInnis Decl. at ¶43.

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

31 U.S.C. § 3730(b). On August 8, 2024, after Defendants moved to dismiss the Qui Tam Action, and pursuant to the parties' agreement, the matter was transferred to the United States District Court for the Central District of California. See Ex. 8.

Once in the Central District of California Court, the matter was docketed and captioned *United States of America ex rel. Donald Johnson and Haedeuk Yae v. Chromologic LLC and Naresh Menon*, Case No. 2:24-cv-06749-PA-DMKx (C.D. Cal.). See Ex. 9. Following the transfer, as expressly permitted by the Retention Agreement, attorneys Kleiman and Pooja Rajaram, also of Kleiman Rajaram, and Sydney S. Forquer, also of Cohen Seglias, joined the legal team pursuing the case (collectively, "Co-Relators' Counsel"). *Id.* In lieu of opposing the then pending motion to dismiss, Co-Relators filed a first amended complaint ("FAC"). See Dkt 35 at 55-111. Defendants opted to not move to dismiss the FAC and it became the operative complaint in the action. See Ex. 9.

Thereafter, the District Court entered orders setting discovery and pre-trial dates and the parties engaged in extensive discovery under a very tight schedule that the court declined to expand, despite the parties joint request to do so. As a result, among other things, the time allowed to amend the FAC expired before Defendants produced their first of many thousands of pages of documents. McInnis Decl. at ¶¶ 71 and 96. The parties took approximately 20 depositions, obtained declarations from about one-half dozen witnesses, propounded and answered numerous interrogatories and requests for admissions. *Id.* at ¶72.

At the conclusion of discovery neither party moved for summary judgment. Rather, they engaged in court-ordered mediation in September 2025, that proved unsuccessful, and in limine motion practice on the eve of the scheduled trial in November 2025. McInnis Decl. ¶¶ 75-77. At the hearing on the motions, during which the court denied Co-Relators' request to amend the FAC to allow them to include a fraud in the inducement theory, the District Court ordered the parties to try mediation once more. *Id.* In December 2025 the parties engaged an another multi-day mediation process

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

that ultimately proved successful and resulted in a settlement agreement in principle. McInnis Decl. ¶¶ 78-79.

Meanwhile, back on November 18, 2024, Yae had filed a voluntary Chapter 7 petition in this court. See Dkt 1. This was more than 39 months after Yae executed the Retention Agreement, which, among other things, had already assigned his share of statutory fees and expenses and costs to McInnis Law. Relators Counsel had no role in Yae's decision to file for bankruptcy protection and played no role whatsoever in the Yae bankruptcy proceedings. McInnis Decl. at ¶¶ 87-88.

On March 11, 2025, the Trustee applied for a court order approving its request to employee McInnis Law as special litigation counsel in the Qui Tam Action (the "Employment Application"). See Dkt 28. The Trustee's application represented that the employment of McInnis Law would be under 11 U.S.C. § 328(a) ("Section 328(a)") and pursuant to the terms and conditions of the Retention Agreement. See Dkt 28. On May 21, 2025, the Court granted the Employment Application "in its entirety" ("Employment Order"). See Dkt. 33.

In early March 2026, the parties in the Qui Tam Action executed a Settlement Agreement to resolve the qui tam claims and the Co-Relators Counsel's claims to statutory fees and expenses and costs under the False Claims Act. See Dkt 35 at 25-50. This agreement followed the two mediation sessions (in which the Trustee and/or his counsel participated), the sudden and unexpected death of Johnson in January 2026 and partial rulings on motions in limine on the eve of the scheduled trial. McInnis Decl. at ¶¶ 36-39. The terms of the settlement reflected and adopted exactly the mediator's recommendation. *Id.* at ¶ 37.

In broad strokes, the Settlement Agreement provided for Defendants to pay the United States $500,000 over time and with interest to fully resolve the False Claims Act qui tam claims (the "Settlement Amount") and to pay McInnis Law $490,000 over time without interest to fully resolve Co-Relators Counsel's separately negotiated claim for statutory fees, expenses and costs (the "Fees and Expenses Amount") See Dkt 35 at 25-

9

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

50. As to the Fees and Expenses Amount, McInnis represented during the mediation session these exceeded $1 million in the aggregate. McInnis Decl. at ¶ 39.

The Settlement Agreement and subsequent dismissal of the Qui Tam Action was contingent upon the approval of the United States, this Court and the District Court, in that order. The United States, through the U.S. Attorney's Office for the Central District of California approved the Settlement Agreement and further agreed with Co-Relators to a 28.5% share of the $500,000 Settlement Amount. Therefore, $357,500 (plus interest) of the $500,000 settlement amount went back to the public fisc, while $ 142,500 (plus interest) constituted the Relators' Share See Dkt 35 at 5-7. This Court approved the Settlement Agreement on May 19, 2026. See Dkt 42. And the District Court approved the Settlement Agreement, dismissed the Qui Tam Action, and terminated the case on June 16, 2026. See Ex. 9.

In between the parties' execution of the Settlement Agreement and the Court's approval of its terms, the Trustee filed a motion for approval of the Settlement Agreement and an ancillary request for a hearing on McInnis Law's claim to fees and expenses. See Dkt 35. The Trustee also sought to escrow all payments flowing from the Settlement Agreement, except any Relator Share payments to Johnson, who has no connection to the Yae bankruptcy proceeding. *Id.* Over Johnson's and Co-Relators Counsel's objection as to the second and third aspects of the Trustee's Motion, see Dkt 38, the Court granted the requested relief, see Dkt. 41.

## ARGUMENT

### GOVERNING LAW, STANDARDS AND PRINCIPLES

On May 21, 2025, the Court granted the Trustee's application to employ McInnis Law as special litigation counsel in the Qui Tam Action under Section 328(a) and pursuant to the terms and conditions of the pre-existing Retention Agreement among the Debtor, co-relator Johnson and McInnis Law. Accordingly, in this final application for allowance of fees and expenses the Court must give full effect to such terms and conditions unless they "prove to have been improvident in light of developments not

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a). As shown in this application, there were no developments after the Court granted the Trustee's employment of McInnis Law on May 21, 2025, that "could not have been anticipated" at that time and that caused the Retention Agreement's terms and conditions to be deemed "improvident."

Section 328(a) establishes a simple and limited "improvident circumstances" standard of review for fixing compensation that must be applied where a professional is unambiguously appointed under that provision. See *Friedman Enters. v. B.UM Int'l Inc. (In re B.UM. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000). In these circumstances, Section 328(a) provides the exclusive governing standard of review. Most importantly, as a practical matter, it allows counsel retained by a trustee to rely on any "pre-approved" terms and conditions of a retention agreement with the Trustee in fixing compensation rather than having a court determine the reasonableness of the fees under section 330 of the Bankruptcy Code, 11 U.S.C. § 330, at the conclusion of the engagement. See *Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 279 F.3d 669,669 (9th Cir. 2001). See also Weintraub v. Chicago Title Co. Priority Publ. & Posting, 9 Fed. Appx. 643, 644 (9th Cir. 2001) ("A bankruptcy court *may not* conduct an 11 U.S.C.S. § 330 inquiry into the reasonableness of fees and the benefit of services to the estate if it unambiguously approved the professional's employment agreement under 11 U.S.C.S. § 328.") (memorandum opinion) (emphasis added); *Riker, Danzig, Scherer, Hyland & Perretti v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC)*, 552 F.3d 228, 232-33 (2d Cir. 2009) ("These two inquiries are *mutually exclusive*, as "[t]here is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328.'") (emphasis added) (citing and quoting *In re B. UM Int'l, Inc.*, 229 F.3d 824, 829 (9th Cir. 2000)).

Section 328(a) requires the court to conduct a simple two-part factual inquiry on

**11**
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

the limited questions of: (1) what, if any, post-retention developments in the litigation were "not capable of being anticipated" at the time of the retention; and (2) whether any such developments render the terms and conditions of the retention agreement "improvident." *In re Reimers*, 972 F.2d 1127, 1128-29 (9th Cir. 1992). If the court finds there were no developments that were incapable of being anticipated at the time of the retention or if it finds that any such developments did not render the retention agreement improvident, then the court must award fees according to the terms and conditions of the agreement. *Id.* at 1129. See also *Won Ho Song v. Ehrenberg (In re Won Ho Song)*, 359 Fed. Appx. 817, 817 (9th Cir. 2009) (memorandum opinion).

> As observed by the Court of Appeals for the Second Circuit:
>> Surprisingly few cases have construed [Section 328(a)'s] language, but those that have make it evident that it is a high hurdle to clear. According to the Fifth Circuit, section 328(a) requires 'the bankruptcy court ... [to] determine[] whether developments, which made the approved fee plan improvident, had been incapable of anticipation at the time the award was approved.' See *In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003). For example, simply because the size and scope of a settlement had not actually been anticipated, it does not follow that it was incapable of anticipation. See *id.* at 693-94. Similarly, the fact that contingency fees may appear excessive in retrospect is not a ground to reduce them because 'early success by counsel is always a possibility capable of being anticipated.' *In re Gilbertson*, No. 06-C-610, 2007 U.S. Dist. LEXIS 11734, 2007 WL 433096, at *5 (E.D. Wisc. Feb. 4, 2007).

*In re Smart World Techs., LLC*, 552 F.3d at 234-35 (quotations and citations in original). Moreover, "incapable of being anticipated" is not the same as "not actually anticipated." *Id.* at 235. In other words, the inquiry is essentially a legal one and not a factual one. Thus, it follows that once a court determines Section 328(a) is the governing standard, resolution of any dispute over allowing and paying fees and expenses should be subject to summary judgment and does not require a factual hearing.

By its express language, not only does Section 328(a) "severely constrain" a court's power to alter the terms of a retention agreement that it pre-approved, *In re Smart*

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

*World Techs., LLC*, 552 F.3d at 232, but whether the court even decides to review and alter the terms and conditions of the retention agreement under Section 328(a) is permissive and not mandatory. See 11 U.S.C. § 328(a) ("the court *may* allow compensation different from the compensation provided under [the retention agreement" if the provision's two-part criteria are met) (emphasis added). See also *In re Amdura Corp.*, 139 B.R. 963,978 (Bankr. D. Colo. 1992) ("The disallowance of fees is not mandated by section 328(a), which is permissive in tone.").

**THE TRUSTEE UNAMBIGUOUSLY EMPLOYED MCINNIS LAW**

**UNDER SECTION 328(A)**

In the Employment Application, the Trustee unambiguously asked to retain McInnis Law pursuant to 11 U.S.C. § 328(a) ("§ 328(a)"). This can be clearly seen from the Trustee's express proposal to employ McInnis Law under the terms and conditions of the existing Retention Agreement, subject to the possible modification of compensation only "if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." Dkt 28 []Not only did the Trustee reference the Retention Agreement, including in his "Wherefore" clause ("WHEREFORE, the Trustee prays that he be authorized to employ the Firm as his special litigation counsel, with compensation at the expense of the estate pursuant to the terms of the retention agreement with debtor, subject to the Court's approval"), but the Trustee also attached the Retention Agreement to the application and quoted from it extensively. *Id.*

In the Employment Application, the Trustee also represented that if the Court granted his application, there would be no negative affect on Johnson. Specifically, he stated in his Wherefore clause that granting his request would be "without any effect on the co-plaintiffs rights and obligations under the terms of the retention agreement and coplaintiffs' addendum thereto." *Id.*

The Court granted the Trustee's application "in its entirety.", thereby explicitly confirming that McInnis Law was hired pursuant to Section 328See Dkt 33.Nowhere

13
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

does the Employment Order state that McInnis Law's compensation would be determined by anything other than the terms and conditions of the Retention Agreement, subject to Section 328(a)'s standard of review.

Because of positions he has already taken in this dispute, the Trustee is now estopped from arguing the Court should review the instant application under Section 330 instead of Section 328(a). In the Trustee's Memorandum filed in support of a request for a hearing on allowing and paying McInnis Law's fees and expenses, the Trustee reaffirmed that this Court's determination is governed by § 328(a)'s standard of review. There, he wrote, "As discussed below, the Court has authority under section 328 to modify an award if the terms of engagement prove to have been improvident in light of developments not capable of being anticipated at the time of employment." Dkt 35 at 10-11. At no point in the Trustee's memorandum does he cite Section 330 or in any way suggest it should be the governing standard, or even an alternative governing standard. *Id*. The Trustee also included a Request for Judicial Notice that states, "The engagement and the allowance of fees and costs remain subject to Court approval with fees to be considered *under section 328*. Dkt. 28." *Id* at 23 (emphasis added).

## THE RETENTION AGREEMENT'S TERMS AND CONDITIONS REQUIRE ALLOWING AND PAYING MCINNIS LAW THE REQUESTED FEES AND EXPENSES AND THE JOHNSON ESTATE'S REQUEST FOR ITS RELATOR'S SHARE AND STATUTORY FEES, EXPENSES AND COSTS

The Retention Agreement provides for attorneys' fees comprised of both a contingency percentage and a False Claims Act statutory (hourly) fee and also McInnis Law's receipt of False Claims Act statutory expenses and costs. It also provides that once they execute the Retention Agreement, both Co-Relators assigned all rights, title and interest in the statutory fees and expenses and costs to McInnis Law. Additionally, the Retention Agreement includes an addendum agreement between the Co-Relators. Among other things, it contains a provision stating they will share in any recovery and all expenses and costs 50-50. Dkt 28 at 13-25.

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

Accordingly, as modified to a 33 1/3% contingency rate, McInnis Law is entitled to $47,500 from the government's payment of the Relator's Share of the $500,000 Settlement Amount. McInnis Law is also entitled to the entire $ 490,000 Fees and Expenses Amount to be paid to McInnis Law by Defendants, of which $ 419,740.11 represents statutory fees and $70,259.89 represents statutory expenses and costs.[4] Of the combined contingency and statutory fee amount of $467,401.11, the law firms of Kleiman Rajaram and Cohen Seglias are entitled to a combined amount of $ 163,534.04, leaving McInnis Law with a total of 303,867.07 in fees.

Under the terms of the Retention Agreement and the Co-Relator addendum, the Johnson Estate is entitled to $47,500 (plus interest) from the Relator's Share payments. It is also entitled to 50% of the statutory fees, expenses and costs, all of which it assigned to McInnis Law under the Retention Agreement.

## THERE ARE NO GROUNDS UNDER SECTION 328(A) TO DISREGARD THE RETENTION AGREEMENT'S TERMS AND CONDITIONS

The Trustee's contends in its request for a hearing on allowing and paying fees, Dkt 35, that Section 328(a) is triggered here in two ways. First, the Trustee argues that Relators' counsel committed malpractice by not originally including a fraud in the inducement theory of liability in the FAC, and later not prevailing on an in limine motion to amend the FAC to include it to conform to evidence adduced during discovery. *Id.* 2, 10-11. Second, the Trustee argues that the amount of fees, expenses and costs to be awarded to McInnis Law under the Retention Agreement's terms and conditions are "obscenely disproportionate" to the amount that the Trustee thinks he, his counsel, his accountant, and to a much lesser degree, the creditors, should get from the result Relators' counsel obtained in the Qui Tam Action. *Id.* 10.

---

[4] During the settlement process McInnis unilaterally and voluntarily agreed to take his reimbursement from expenses out of the Fees and Settlement Amount, even though under the Retention Agreement he could have taken them from the Settlement Amount, which would have further lessened the Co-Relators' Shares. McInnis Decl. at [].

15
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

In both instances, the Trustee maintains, these developments were incapable of being anticipated at the time he retained McInnis Law on May 21, 2025, and each of them cause the terms and conditions of the Retention Agreement to be improvident. *Id.* at 10. For these purported reasons, the Trustee asks the Court to not compensate McInnis Law according to the terms and conditions of the Retention Agree and instead fix the amount of compensation after conducting a fees hearing. *Id.* at 11. However, neither of the Trustee's contentions overcomes Section 328(a)'s high, two-part hurdle.

There are two responses to the Trustee's claim of malpractice. First, the FAC was filed on September 18, 2024. It thus predated the Trustee's employment of Mcinnis Law by approximately 9 months. However, by its express terms, Section 328(a)'s review standard applies only to events that occurred after the employment and that could not have been anticipated—not events that had already occurred and were or could have been known. Thus, the Trustee's attempt to fault Relators' Counsel for not including a fraud in the inducement theory in the FAC *ab initio* is misplaced. See *In re Smart World Techs., LLC*, 552 F.3d at 235 (citing and quoting *In re Barron*, 325 F.3d 690, 693 (5th Cir. 2003)).

Second, one cannot say that making and losing an *in limine* motion November 2025, to amend a complaint at the close of discovery to conform to evidence that had been adduced was incapable of being anticipated at the time the Trustee retained Mcinnis Law six months earlier in May 2025. Nor can one say that, in this instance, the District Court's denial of the motion to amended to include a fraud in the inducement theory of liability causes the terms and conditions of the Retention Agreement to be improvident. Among other things, even under the operative complaint, the defendants faced millions of dollars in liability that far exceeded what they could or were willing to pay and that exceeded the result Relators' Counsel were able to obtain given the weaknesses and challenges they faced heading into trial.

Moreover, the premise that Relators' Counsel committed malpractice is unsupported factually. This can be gleaned from a simple chronology of the Qui Tam

**16**
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

Action's litigation history. The basic facts surrounding the attempt to amend the FAC to include a fraud in the inducement theory are set out in the accompanying McInnis Decl., but a brief summary is as follows. This theory was not in the FAC at the time the Trustee retained McInnis Law. Attorney McInnis never represented to the Trustee before pre-trial motions *in limine* that Relators' Counsel would attempt to amend the FAC to add this theory and therefore the Trustee did not expect to have this theory available at the time of post-discovery mediation or trial, if mediation failed. The fact that the District Court judge ruled against the theory's inclusion at a final pretrial conference was certainly capable of being anticipated at the time the Bankruptcy Court approved the Trustee's employment of McInnis Law. Additionally, since the fraud in the inducement theory was not in the FAC, which is the operative pleading that the Trustee evaluated at the time it retained McInnis Law, and was not in the FAC at the time of the mediation or submitted for trial, its absence due to the District Judge's ruling is of no moment.

The Trustee was no worse off because of the ruling than he was at the time he retained McInnis Law. Moreover, as detailed in the McInnis Decl., Relators' counsel did not even have the necessary factual predicate to allege the fraud in the inducement theory until after the District Court's cut-off date for amending the pleading. Accordingly, one would have to perform impermissible contortions to try to prove that the absence of the theory in the operative version of the FAC was due to legal malpractice.

Lastly, it needs to be emphasized that the Trustee does not prove malpractice at a fees hearing simply by accusation. The Trustee needs to get a jury or court to make that finding after a hearing where, among other things, an expert witness provides testimony and the Trustee satisfies the applicable elements for a legal malpractice cause of action by the required burdens of proof and persuasion.

The Trustee's second contention about obscene disproportionality is equally unavailing. Complaining about the amount of McInnis Law's fees, expenses and costs

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

is simply an impermissible way of shoe-horning in a "reasonableness of compensation" standard of review. However, a reasonableness inquiry is only permitted in the case of a Section 330 appointment. It is not allowed where, as here, the Bankruptcy Court unambiguously pre-approved a retention agreement pursuant to Section 328(a).[5],[6]

Even if the Court were to find the Trustee's allegations of malpractice and disproportionality are potentially colorable and might possibly permit one to disregard the terms and conditions of the Qui Tam Action Retainer, the Court should nevertheless decline to do so under Section 328(a)'s permissive language because of the unique circumstances of this dispute.

This dispute emanates from the proposed resolution of a declined False Claims Act case. There, Relators' Counsel were able to secure a substantial recovery for the benefit of the American taxpayers. The fact that the recovery was smaller than the Relators or their counsel had hoped for, does not in any way diminish the significance of their combined efforts and achievements. Moreover, the instant application substantiates Relators' counsel aggregate incurred fees amounting to at least

---

[5] The payment of fees in accordance with both the contingency and statutory fees provisions of the Retention Agreement is not inherently unreasonable or impermissible. See, e.g., *United States ex rel. DePace v. Cooper Health System*, 940 F. Supp.2d 208 (D.N.J. 2013) (court held that the False Claims Act's fee-shifting provisions do not preclude relator's attorney from receiving contingency fees in addition to statutory fees and allowed both). This is equally true merely because the payment of fees substantially exceeds the amount paid to the Co-Relators, especially in a non-intervened case. See *United States v. CDW-Government, Inc.*, No. 3:05-cv-00033-DRH-PMF, 2013 WL 11267176, at *13 (S.D. Ill. May 17, 2013); *United States ex rel. Shepard v. Grand Junction Regl. Airport Auth.*, No. 13-cv-00736-CMA-CBS, 2017 U.S. Dist. LEXIS 232804, 2017 WL 11556405, at *3 (D. Colo. July 24, 2017); see generally *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013); *City of Riverside v. Rivera*, 477 U.S. 561 (1986); *McCown v. City of Fontana*, 565 F.3d at 1097, 1104 (9th Cir. 2008) ("A rule of proportionality is inappropriate.").

[6] Furthermore, in a declined False Claims Act case, Relator's counsel is acting to recover damages on behalf of the Government. Therefore the correct fee comparison should take into account the recovery to the Government in addition to the amount paid to the Relators. Here the combined benefit to the Government and the Relators is $452,500.000. Therefore attorneys' fees of $467,240.06 is not disproportionate to the overall recovery.

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

$1,214,097.5 and expenses ($70,259.89). For that reason alone, one can hardly say that allowing and paying the requested combined amount of. in fees and expenses, namely, $537,500, is "obscene," "disproportionate" or "unreasonable."

Moreover, the Trustee's legal authority in support of his request to deviate from the terms and conditions of the Retention Agreement is unpersuasive. The key decision the Trustee relies on concerns Section 330 appointments, not Section 328(a) ones. See *In re Circle K Corp.,* 279 F.3d 1077 (9th Cir. 2001). Most of the Trustee's other cited cases concern neither Section 328 nor Section 330 of the Bankruptcy Code. See, e.g., *Protective Committee for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968); *In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986); *United States v. Alaska National Bank (In re Walsh Construction, Inc.),* 669 F.2d 1325 (9th Cir. 1982); *In re Carla Leather, Inc.,* 44 B.R. 457 (Bankr. S.D.N.Y. 1984). The only decision the Trustee cites concerning a Section 328(a) appointment, *In re Confections by Sandra, Inc.,* 83 B.R. 729 (B.A.P. 9th Cir. 1987), was resolved by upholding the terms of the retainer. This is precisely the outcome McInnis Law is seeking here.

Furthermore, the Trustee does not cite a single case supporting his contention that obtaining an adverse ruling in a civil litigation is grounds for altering a retention agreement under Section 328(a), generally. Nor does the Trustee cite any case for the specific proposition that failing to amend a qui tam complaint to include fraud in the inducement as an alternative theory of liability constitutes malpractice and thereby amounts to an unanticipatable development with improvident results under Section 328(a). In short, the Trustee is asking this Court to make new law in circumstances where it is not warranted.

## CONCLUSION

For the reasons set forth above, and the accompanying application materials and docket entries incorporated here by reference, the Court should grant the final application of McInnis Law for allowance and payment of fees and expenses in its

NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

entirety, and it should further grant co-relator Johnson's request that its rights and obligation under the Retention Agreement should not be diminished or encumbered or in any manner be negatively affected.

Respectfully submitted,

Dated: July 13, 2026

KLEIMAN RAJARAM

By: _____
Pooja Rajaram (SBN 241777)
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
310-392-5455
pooja@krlaw.us

Attorneys for Special Paty In Interest
NOELLE JOHNSON, AS
SUCCESSOR TO THE ESTATE
OF DONALD JOHNSON

20
NOTICE OF MOTION AND MOTION REGARDING APPLICATION
FOR PAYMENT OF FINAL FEES;

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

12121 Wilshire Blvd., Ste., 810, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (specify): NOTICE OF MOTION AND MOTION REGARDING APPLICATION OF FOR PAYMENT OF FEES; MEMORANDUM OF POINTS AND AUTHORITES  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) July 13, **2026,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric P Israel    epi@lnbyg.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com

Roland H Kedikian    roland@kedikianlaw.com, g2547@notify.cincompass.com;
kedikian.rolandb126341@notify.bestcase.com

Sam S Leslie (TR)    sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (date) July 13, **2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Honorable Barry Russell**
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA  90012

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method <u>for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **April 28, 2026,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
VIA EMAIL TO:
Eric P Israel: epi@lnbyg.com (for Chapter 7 Trustee)
Roland H Kedikian: roland@kedikianlaw.com (for Debtor)
Kelly L Morrison: kelly.l.morrison@usdoj.gov (for United States Trustee)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/13/26 | Pamela R. Savoie | *Pamela R. Savoie* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**