PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, State Bar No. 133775
ASSISTANT UNITED STATES TRUSTEE
Kelly L. Morrison, State Bar No. 216155
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Boulevard, Ste 1850
Los Angeles, California 90017
(213) 894-2656 telephone
Email: *Kelly.L.Morrison@usdoj.gov*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**HAEDEUK YAE,**<br><br>Debtor. | Case No.: 2:24-bk-19380-BR<br><br>Chapter 7<br><br>**OPPOSITION TO THE APPLICATION TO RETROACTIVELY EMPLOY COHEN SEGLIAS PALLAS GREENHALL & FURMAN AND KLEIMAN/RAJARAM AS SPECIAL LITIGATION COUNSEL**<br><br>Hearing Date: November 3, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, CHAPTER 7 TRUSTEE AND PROPOSED ATTORNEYS, AND ALL OTHER INTERESTED PARTIES:**

**NOTICE IS HEREBY GIVEN** that the Peter C. Anderson, the United States Trustee for Region 16, ("hereinafter "United States Trustee") hereby opposes the Application of Cohen Seglias Pallas Greenhall & Furman and the law firm of Kleiman/Rajaram (collectively, "Movant") to Retroactively Employ Movants as Special Litigation Counsel ("Employment Application") (Doc. No. 59).

Debtor's bankruptcy case was filed on November 18, 2024. Sam Leslie was thereafter appointed chapter 7 trustee ("Trustee"). On March 25, 2025, the Court approved the chapter 7

trustee's application to employ McInnis Law ("McInnis") as special litigation counsel pursuant to 11 U.S.C. Section 327(e) to handle a lawsuit against Chromologic, LLC and its principal, asserting claims under the False Claims Act (Doc. Nos. 28 and 33).

On May 19, 2026, this Court entered an order approving the settlement of the claims (Doc. No. 42). The Court also ordered McInnis to file its final fee application by July 13, 2026.

Now, only after McInnis filed its fee application ("Fee Application") and after the Trustee filed an objection to the Fee Application (Doc. No. 50) on August 25, 2026, has Movant filed its Employment Application. As discussed below, Movant has failed to explain its eighteen-month delay except for asserting that Movant did not apply for employment earlier because Movant believed that the order approving McInnis included the Movant as well.

The Court should deny the Employment Application, or in the alternative, make the effective date of employment no earlier than October 13, 2026, the date the Application was filed with the Court.

**Argument**

This Application was filed more than eighteen-months after the entry of the order approving the employment of the McInnis firm. Movants explain that they "are unsophisticated in bankruptcy matters…were unaware that they needed to separately apply for employment in order to be paid for their services…[and] as soon as this was brought to their attention, the instant motion was brought forward." (*See* Employment Application at 7:17-21) First, lack of expertise in bankruptcy matters is not an extraordinary fact supporting retroactive employment.

Second, this assertion is inconsistent with a prior pleading filed by Movant. Specifically, on April 28, 2026, Movant filed a "partial" opposition ("Limited Opposition") to the Trustee's motion for an order approving the compromise (Doc. No. 38). In that Limited Opposition, Movant offered declarations of Pooja Rajaram ("Rajaram") and Julie A. Grohovsky ("Grohovsky") in which Rajaram and Grohovsky each argued that because Movant had not been retained by the Trustee, the court lacked jurisdiction to rule on the Movant's fees.

Employment under 11 U.S.C. § 327 is a necessary prerequisite for an attorney to receive an award of compensation from the estate under 11 U.S.C. § 330. *See Lamie v. United States Trustee,*

540 U.S. 526, 538 (2004) (Section 330 "does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327"). Additionally, Local Bankruptcy Rule 2014-1(b)(1)(E) states: "A timely application for employment is a prerequisite to compensation from the estate. Therefore, an application for the employment of counsel… should be filed as promptly as possible...."

Here, Movant seeks to be employed retroactively under 11 U.S.C. § 327(a). While there is no *per se* prohibition in this Circuit against the Court authorizing this type of retroactive employment order, Movant has the burden of making an adequate showing that Movant is entitled to the relief he requested.

In *In re THC Financial*, 837 F.2d 389 (9th Cir. 1988), the Ninth Circuit stated that to employ a professional retroactively there must exist "exceptional circumstances where a Movant can show both a satisfactory explanation for the failure to receive prior judicial approval and that he or she has benefitted the estate in some significant manner." An order authorizing retroactive employment is not to be routinely issued.[1] To establish the presence of exceptional circumstances in order to obtain retroactive approval of unauthorized, but valuable, services to estate, professionals must satisfactorily explain their failure to receive prior judicial approval and demonstrate that their services benefitted the bankrupt estate in a significant manner. *In re Atkins*, 69 F.3d 970 (9th Cir.1995) *See also*, *In re Crook*, 79 B.R. 475 (9th Cir. BAP 1987). There is no right to receive a retroactive order and limiting them to extraordinary circumstances will deter attorneys from general nonobservance of section 327. *See In re Kroeger*, 57 B.R. 821, 822-823 (9th

---

[1] The term "*nunc pro tunc*" has been used interchangeably with term "retroactive." In the Supreme Court case of *Roman Catholic Archdiocese of San Juan Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020) looked at "*nunc pro tunc*" orders as it pertained to whether a Federal District Court's order remanding a matter to state court was proper. "Such a decree presupposes a decree allowed, or ordered, but not entered through inadvertence of the court." *Id.*, at 701, quoting *Cuebas y Arrendondo v. Cuebas y Arredondo*, 223 U.S. 376, 390 (1912). In this instance, Movant is requesting that the Court order an effective date of employment more than eighteen months prior to Movant's Employment Application. There was no error or inadvertence or error by this Court. Furthermore, as noted in *In re Miller*, 620 B.R. 637, 641 (E.D. Cal. 2020), "ninth circuit precedent that recognizes the power to award pre-employment compensation remains unchanged by *Acevedo*."

Cir. BAP 1986). Mere negligence or inadvertence is not sufficient to establish the requisite extraordinary circumstances. *See In re Downtown Investment Club III*, 89 B.R. 59, 63 (9th Cir. BAP 1988).[2] Therefore, *nunc pro tunc* approval of a retention order should only be granted in narrow situations and only when the delay in seeking court approval resulted from extraordinary circumstances. *Cushman & Wakefield of Ct. v. Keren, Ltd. Partnership (In re Keren Ltd. Partnership)*, 189 F.3d 86 (2nd Cir. 1999).

The policy behind having an employment application filed at the early stages of employment is to provide notice to interested parties, including the U.S. Trustee and creditors, of the scope of work and the terms of employment. That notice allows parties to evaluate the terms and determine if the employment is appropriate given the facts and circumstances of the case. Here, all the work has been completed. Authorizing Movant's employment at this late date deprives those interested parties of the opportunity to conduct that independent evaluation of the proposed terms of employment and object, if appropriate.

Therefore, Movant's Employment Application should be denied. Alternatively, the order should reflect an effective date of October 13, 2026, the date the application was filed with the Court.

**Conclusion**

WHEREFORE, the United States Trustee respectfully requests that the Court: (1) sustain the United States Trustee's opposition; (2) deny Movant's request for retroactive employment, and (3) such other and further relief as the Court believes just and proper.

Dated: October 16, 2026

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: [signature]
Kelly L. Morrison
Attorney for the United States Trustee

---

[2] "Where the lateness in seeking court approval of employment is attended by inexcusable or unexplained negligence, a retroactive authorization order should not be issued." *In re Crook*, 79 B.R. at 479.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

915 Wilshire Blvd., Ste. 1850, Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (*specify*): OPPOSITION TO THE APPLICATION TO RETROACTIVELY EMPLOY COHEN SEGLIAS PALLAS GREENHALL & FURMAN AND KLEIMAN/RAJARAM AS SPECIAL LITIGATION COUNSEL

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/16/24, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 10/16/24, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/16/26, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/16/24 | Kelly L. Morrison | /s/ Kelly L. Morrison [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SECTION I – EMAIL SERVICE**

Eric P Israel, trustee's counsel, epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Roland H Kedikian, debtor's counsel, roland@kedikianlaw.com, g2547@notify.cincompass.com;kedikian.rolandb126341@notify.bestcase.com

Sam S Leslie (TR), chapter 7 trustee, sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

United States Trustee (LA), UST, ustpregion16.la.ecf@usdoj.gov

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
Haedeuk Yae
1024 Royal Oaks Dr. Apt 916
Monrovia, CA 91016

**Judge**
Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St., Ste. 1660
Los Angeles, CA 90012

**Interested Party**
LEA Accountancy, LLP
1130 S. Flower Street, Suite 312
Los Angeles, CA 90015

**Movant**
Pooja Raharam
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025

**SECTION III – PERSONAL DELIVERY**

**n/a**