Pooja Rajaram [241777]
Mark Allen Kleiman [115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: pooja@krlaw.us
Email: mark@krlaw.us

Attorneys for Special Party in Interest
Noelle Johnson, as Successor to the
Estate of Donald Johnson

FILED
OCT 27 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HAEDEUK YAE,<br><br>Debtor. | Case No. 2:24-bk-19380-BR<br><br>Chapter 7<br><br>**REPLY TO CHAPTER 7 TRUSTEE'S OPPOSITION CONCERNING THE FINAL FEE APPLICATION OF SPECIAL LITIGATION COUNSEL**<br><br>Date: 11/4/2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE AND HIS COUNSEL; AND ALL PARTIES IN INTEREST:

Pooja Rajaram submits this reply to the Notice of Opposition, Memorandum of Points and Authorities, Declaration of Sam S. Leslie, and Request for Judicial Notice of Sam S. Leslie, Chapter 7 Trustee, concerning the final application for compensation and reimbursement of expenses ("Application") of McInnis Law ("Applicant" or "Special Counsel"), the Chapter 7 Trustee's special litigation counsel.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ 3

INTRODUCTION ........ 4

ARGUMENT ........ 5

A. APPLICANT'S APPOINTMENT WAS UNEQUIVOCALLY UNDER SECTION 328(a) ........ 5

B. SECTION 328 APPLIES AND THERE IS NOTHING THAT WAS BOTH UNANTICIPATABLE AND IMPROVIDENT THAT WARRANTS DEPARTING FROM THE TERMS AND CONDITIONS OF THE RETENTION AGREEMENT AND SETTLEMENT AGREEMENT ........ 8

C. THERE IS NO REASON TO DENY FEES TO CO-COUNSEL WHERE THERE IS NO DISPUTE THAT THEY PROVIDED REASONABLE SERVICES THAT HELPED SECURE A SUCCESSFUL SETTLEMENT IN THE UNDERLYING QUI TAM CIVIL ACTION ........ 11

D. THE CO-RELATOR IS ADVERSELY AFFECTED BY THESE PROCEEDINGS ........ 12

E. THE COST REQUEST DOES COMPLY WITH RULE 016-1(a)(1)(F) ........ 12

CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Page**

*Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 272 F.3d 1150 (9th Cir. 2001) ........ 6

*Friedman Enters v. B.U.M Int'l Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000) ........ 7,8

*In re Merced Falls Ranch, LLC*, Nos. 11-19212-B-11, CN-1, 2012 Bankr. LEXIS 6138 (Bankr. E.D. Cal. Oct. 16, 2012) ........ 7

*Nischwitz v. Airspect Air, Inc. (In re Airspect Air, Inc.)*, 288 B.R. 464, 475 (B.A.P. 6th Cir. 2003) ........ 7

**STATUTES**

11 U.S.C. Section 328 ........ *passim*

11 U.S.C. Section 328(a) ........ 5,6,7

11 U.S.C. Section 330 ........ 5,67,8

**RULES**

Fed. R. Civ. P. 15(a)(2) ........ 9

Fed. R. Bankr. P. 2014(a) ........ 7

**TREATISES**

11 Collier on Bankruptcy pt. 12 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2002) ........ 7

## INTRODUCTION

McInnis Law was employed pursuant to an application and order that set his compensation pursuant to Section 328. This means McInnis Law is entitled to be compensated and reimbursed according to the terms and conditions in a pre-petition retention agreement. That agreement provided for (1) a contingency fee, (2) assigned statutory fees, and (3) assigned expenses for services provided and expenses incurred in the underlying *qui tam* civil action. Fifty per-cent of the statutory fees and expenses were assigned by relator Haedeuk Yae to McInnis Law three and one-half years before the Chapter 7 petition was filed. The other fifty per-cent were assigned by co-relator Donald Johnson to McInnis Law at the time the relators jointly retained McInnis Law. Accordingly, the statutory fees and expenses not belonging to co-relator Johnson are the property of McInnis Law, and not the debtor's estate. The *qui tam* civil action settled and among its terms and condition was the award of a single amount to McInnis Law for any claim it had to reasonable statutory attorneys' fees and expenses for representing both co-relators. This was in addition to the contingency fee McInnis Law is entitled to from both co-relators under the retention agreement.

All of the foregoing was anticipatable at the time the Chapter 7 Trustee sought to retain McInnis Law as Special Counsel and in not improvident. At no time from the application to employ McInnis Law through the start of mediation in the *qui tam* action, did the Chapter 7 Trustee, or any other interested party or person object to the employment of McInnis Law under Section 328 and to giving full effect to the terms and conditions of the retention agreement. This issue has only arisen because the Chapter 7 Trustee and his counsel decided to try to get this Court to allocate funds due and owing to McInnis Law and its co-counsel to themselves because the recovery in the civil suit was not as large as they hoped it would be. The Court should not permit this.

## ARGUMENT

### A. APPLICANT'S APPOINTMENT WAS UNEQUIVOCALLY UNDER SECTION 328(a)

At the time the Chapter 7 Trustee sought to retain McInnis Law as Special Counsel, the Chapter 7 Trustee's counsel assured Timothy McInnis expressly that his appointment would be pursuant to Section 328(a) of the Bankruptcy Code and not Section 330. See Ex. A, hereto ("*You are being retained under 11 U.S.C. section 328(a).*") (emphasis added)[1] McInnis Law is entitled to rely on the Chapter 7 Trustee's counsel's representation.

The Chapter 7 Trustee's initial submission of facts as to which this Court should take judicial notice asks the Court to accept as fact that the McInnis Law's appointment was made pursuant to Section 328. See Dkt. 35, ¶ 4(c) ("The engagement and the allowance of fees and costs remain subject to Court approval with fees to be considered under section 328." ) (emphasis added) (citing Dkt. 28).

The Chapter 7 Trustee's application to employ McInnis Law as Special Counsel explicitly and unambiguously states on three separate occasions the application was sought under Section 328(a) and not Section 330. See Dkt. 28 at 1("[T]he Chapter 7 trustee . . . respectfully applies for authority to employ the McInnis Law . . . as special litigation counsel, *with compensation pursuant to 11 U.S.C. § 328.*) (emphasis added). *Id.* at 5-6 (Notwithstanding such terms and conditions of the retention agreement, as provided in 11 U.S.C. Section 328(a), the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusions of such employment *if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.*) (emphasis added for the standard of review under Section 328(a), not Section 330). *Id.* at 6 ("[McInnis Law] seeks to be compensated for its services *pursuant to 11 U.S.C. § 328*, subject to further request of the Court." (emphasis added).

---

[1] The undersigned represents under penalty of perjury that Ex. A is a true and correct copy of an email sent by Eric P. Israel, Esq., the Chapter 7 Trustee's counsel, to Timothy J. McInnis, Esq., dated March 6, 2025.

This Court's order appointing McInnis Law as Special Counsel also explicitly states that it was pursuant to Section 328 and says nothing about it possibly being under Section 330. See Dkt. 33 at ¶2 ("*The compensation to be awarded shall be fixed by the Court after notice and a hearing as may be required by 11 U.S.C. § 328* and other applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, and the practice and procedure of this Court.") (emphasis added). In other words, the Court's award is subject to notice and hearing applying the Section 328(a) standard of review and not that of Section 330.

The foregoing evidence that (1) during the retention process McInnis Law and the Chapter 7 Trustee understood that the appointment would be made under Section 328 and (2) the Application for Employment and Order of Appointment expressly stating the same are more than enough to distinguish this Application from that in the lone case on which the Chapter 7 Trustee relies, namely, *Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 272 F.3d 1150 (9th Cir. 2001), amended and superseded on denial of reh'g, 279 F.3d 669 (9th Cir. 2002), cert. denied, 536 U.S. 959 (2002).

*Circle K* involved the fee application of a financial advisor. The advisor had been appointed post-petition. That is materially different from the facts here, where McInnis Law had been retained by the debtor pre-petition for legal litigation services in a proceeding unrelated to the bankruptcy matter. Additionally, unlike the facts here, in *Circle K* there was no reference to either Section 328 or Section 330 in the application or order for employment. 279 F. 3d at 673. Additionally, the bankruptcy court there made clear that "its intent had been to approve a retention on the basis of § 330 and not § 328." In comparison, another professional was employed in the *Circle K* proceedings pursuant to a provision similar to that found here because it "did explicitly specify § 328 in its retention agreement" and that was given effect. *Id.* at 673.

Accordingly, Circle K should not be read to mean that where, as here, the bankruptcy court expressly approves the retention of an attorney pursuant to the terms of a pre-existing, pre-petition written agreement pursuant to Section 328, that those terms and conditions are null and void merely because the order of appointment did not expressly state it was "pursuant to Section

328(a) and not Section 330." If the Bankruptcy Trustee or the Bankruptcy Court had wished to approve McInnis Law's employment on some basis other than the terms and conditions of the McInnis Law retention agreement, as a matter of fairness to McInnis Law, one or the other should have proposed a different means of compensation *ab initio*. This would have allowed McInnis Law to reasonably decide whether to accept the engagement or not. In this case, McInnis Law could have declined to represent the Yae Bankruptcy Estate and simply continued to represent co-relator Donald Johnson. The compensation would have been the same and it would not have been subject to bankruptcy court review.

To hold otherwise, would be to engraft a condition into Rule 2014(a) of the Federal Rules of Bankruptcy Procedure that simply is not there. See *Nischwitz v. Airspect Air, Inc. (In re Airspect Air, Inc.)*, 288 B.R. 464, 475 (B.A.P. 6th Cir. 2003) ("The rule does not require the retention application to recite any particular Code section to be effective, merely requiring that the application state the proposed arrangement for compensation. In this connection, it is also interesting to note that none of the form applications for employment of professionals offered by Collier's treatise mention either § 328 or § 330. See 11 Collier on Bankruptcy pt. 12 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2002)).

As pointed out in McInnis Law's reply to the U.S. Trustee's statement on this dispute, the instant Application's facts are similar to those in *In re Merced Falls Ranch, LLC*, Nos. 11-19212-B-11, CN-1, 2012 Bankr. LEXIS 6138 (Bankr. E.D. Cal. Oct. 16, 2012), a post-*Friedman* case noting the limited scope of that case's reach. There the court held:

> In In re B.U.M Int'l, Inc., the Ninth Circuit reasoned that the bankruptcy court had not unconditionally approved the terms of an employment application under § 328 where the court's written order contained an additional proviso that "all fees and costs of [the professional] are subject to Court approval." 229 F.3d at 830. Because the fees were still subject to court approval, the court had intended to reserve its authority to conduct a "reasonableness and benefit to the estate" review under § 330. Id. In contrast, the facts in this case show that no such authority was reserved by this court. Though similar, the court's order approving

> Cappello's employment contained an additional qualifier, stating "*pursuant to the provisions of Section 328*, the award of fees and expenses is subject to court review and approval." Order Approval Employment of Cappello & Noël LLP as Special Litigation Counsel at 2 (ECF No. 48) (emphasis added in original).
>
> Because the court explicitly referenced § 328 in the order, review of the fees is only proper under the § 328 standard, rather than the one under § 330.

*Id.* at *16-17 n.12.

"There is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328." *Friedman Enters. v. B.U.M Int'l Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 829 (9th Cir. 2000). That is precisely what occurred here and is the reason the Chapter 7 Trustee's opposition to the Application should be summarily rejected.

**B. <u>SECTION 328 APPLIES AND THERE IS NOTHING THAT WAS BOTH UNANTICIPATABLE AND IMPROVIDENT THAT WARRANTS DEPARTING FROM THE TERMS AND CONDITIONS OF THE RETENTION AGREEMENT AND SETTLEMENT AGREEMENT</u>**

The Chapter 7 Trustee argues there are two grounds to depart from enforcing the terms of the retention agreement and settlement agreement if the Court were to apply Section 328's standard of review. One is that McInnis Law supposedly committed legal malpractice by not successfully obtaining a favorable ruling on an *in limine* motion to permit the plaintiffs in the *qui tam* action to proceed on a fraud in the inducement theory. See Chp. 7 Trustee's Mem. at 13-15. The other is that the amount of fees and expenses that McInnis Law seeks is grossly disproportionate to the amount that the United States and the relators recovered from the settlement agreement. See Chp. 7 Trustee's Mem. at 15. Neither of these is either an "unanticipatable" event nor an "improvident" occurrence, within the meaning of Section 328 and the Trustee does not cite any authority to the contrary. Thus, there is no basis to depart from the terms and conditions of the

retention agreement and settlement agreement. For this reason the Chapter 7 Trustee's request for a 20% reduction in McInnis Law's fees should be denied out of hand.

As shown below, the charge of malpractice against McInnis Law is nothing more than the Chapter 7 Trustee's personal view. The Trustee presents no expert opinion concerning the breach of any applicable standard of performance. Nor does he cite even a single case where a court found that losing a motion *in limine* generally amounts to legal malpractice, much less that losing a motion to proceed on a theory of fraud in the inducement in a False Claims Act case constitutes malpractice. Without such an expert opinion, this Court is left with having to guess whether what occurred in the District Court was malpractice or simply an unfavorable judicial ruling following diligent, thoughtful and aggressive advocacy, which is not an uncommon or unforeseeable occurrence during litigation.

Notably, the Chapter 7 Trustee does not offer any evidence or proof of legal malpractice liability or damages. Rather, the Trustee repeatedly states in bald, conclusory, unsupported and defamatory language that McInnis Law committed legal malpractice in the *qui tam* action and from this argues that the supposed malpractice creates sufficient cause to avoid applying the otherwise enforceable terms and conditions of the retention agreement under Section 328. See Chp. 7 Trustee's Mem. at 3-5, 11; 13, and 15.

The Trustee's charge of malpractice is based solely on the District Court Judge's denial of a motion to proceed at trial on a theory of fraud in the inducement in addition to the other theories of liability. That motion was made along with a number of other motions *in limine*. The Trustee says that the District Judge denied the motion because fraud in the inducement was not included in the operative First Amended Complaint ("FAC"). This is only one-third accurate. The motion argued that: (1) the theory was sufficiently stated in the FAC, as evidenced by cited allegations, (2) the defendants waived any objection to being tried on a fraud in the inducement theory by their discovery responses and pre-trial practices, and (3) the plaintiffs were entitled to amend the FAC after the close of discovery under Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave to amend when justice so requires."). The District Judge rejected all three

arguments. The correctness of that ruling is in doubt. It was never subjected to appellate review because the parties settled the matter and dismissed the action.

The Trustee also faults McInnis Law with not having included the fraud in the inducement theory at the time the FAC was filed, or alternatively, for not moving earlier to amend the operative complaint to include it. This argument ignores entirely the recitation in the opening Application papers describing the facts and circumstances surrounding the unearthing of evidence that might have supported the fraud in the inducement theory and the reason McInnis Law sought to include this through a motion *in limine* and not earlier. Because the Trustee does not even attempt to rebut these facts, they must be accepted as true for present purposes. In summary these conceded facts are as follows: (a) the plaintiffs did not have any facts supporting a fraud in the inducement theory until after they received the defendants' written discovery, (b) the discovery was produced after the District Court-ordered deadline to amend the pleadings had passed, (c) the District Court denied the parties' request to extend the pre-trial cut-off dates, (d) the plaintiffs effort to get the government to corroborate the viability of the fraud in the inducement theory was slowed down by the so-called "Touhy" process because the government was a third party witness and under the Supreme Court's decision in the Touhy case access to government evidence is severely limited. Moreover, even after the denial of the motion concerning fraud in the inducement, the plaintiffs still had a potentially viable case against the defendants under traditional fraud theories where the defendants' litigation risk was in the many millions of dollars.

The Trustee also fails to include any expert opinion that the outcome would have been different if the District Judge ruled favorably on the fraud in the inducement motion in limine. The only thing he presents on this score is his personal view that it would have mattered. Opp. Leslie Decl. at ¶ 10 ("There is no doubt in my mind that the settlement sum was substantially impacted by the ruling on the fraud in the inducement claims.) (emphasis added).

Nor does the Trustee present an expert opinion —or any other type of calculation— as to how McInnis Law's supposed malpractice caused $61,611.21 in damages to the Debtor's Estate, which is the relief the Trustee is seeking in his opposition on the malpractice prong. See Chp. 7

Trustee's Mem. at 15-16 ($303,706.04 - $242,964.83 = $61,611.21). The Trustee's claim for malpractice damages is thus purely speculative and cannot serve as the basis for an award. In short, there is nothing in the factual record before the Court to support a finding of legal malpractice or to award the requested damages.

Additionally, the Trustee does not cite a single case in the Chp. 7 Trustee's Mem. where a court refused to enforce an attorney's retention agreement under Section 328 because of supposed legal malpractice —or any analogous set of facts. Thus, not only is the Trustee's attempt to avoid enforcement of the McInnis Law retention agreement under Section 328 unsupported by allegations of malpractice, but it also rests on an entirely novel and dubious legal theory.

Because the Chapter 7 Trustee is not entitled to the relief he seeks under Section 328's standard of review there is no need to respond to other defamatory charges against Timothy McInnis of McInnis Law, such as, that McInnis allegedly mislead the Trustee at various times from the onset of the retention through the mediation and settlement phases about the size of a potential recovery or how fees and expenses would be calculated and allocated. However, if the Court believes a response is needed, McInnis Law reserves the right to do so at the hearing in this matter.

## C. **THERE IS NO REASON TO DENY FEES TO CO-COUNSEL WHERE THERE IS NO DISPUTE THAT THEY PROVIDED REASONABLE SERVICES THAT HELPED SECURE A SUCCESS SETTLEMENT IN THE UNDERLYING QUI TAM CIVIL ACTION**

For the reasons set forth in their separately filed and respective replies, the Court should reject the Chapter 7 Trustee's opposition to the payment of any fees to Kleiman Rajaram and Cohen Seglias for the services they provided in the underlying *qui tam* civil action. No one genuinely disputes the following: That the services were rendered. That the claimed hours and rates are reasonable. That the United States and the Yae Bankruptcy Estate benefitted from these legal services. That at the time of McInnis Law's appointment, and throughout the remainder of the *qui tam* litigation, the Chapter 7 Trustee' and his counsel knew Kleiman Rajaram and Cohen

Seglias had been serving, and were continuing to serve, as McInnis Law's co-counsel for the benefit of the Yae Bankruptcy Estate. And that no interested party or person ever objected to the foregoing co-counsel arrangements. It is unconscionable that Chapter 7 Trustee should now seek to deny the payment of any and all co-counsel legal fees under these circumstances.

**D. THE CO-RELATOR IS ADVERSELY AFFECTED BY THESE PROCEEDINGS**

The wherefore clause in the application for employment of McInnis Law as Special Counsel expressly provides that if the Court were to grant the application it would be without any effect on the rights and obligations of the co-relator (now Estate of Donald Johnson-Deceased). Specifically, it states:

> WHEREFORE, the Trustee prays that he be authorized to employ the Firm as his special litigation counsel, with compensation at the expense of the estate pursuant to the terms of the retention agreement with debtor, subject to the Court's approval and *without any effect on the co-plaintiff's rights and obligations under the terms of the retention agreement and coplaintiffs' addendum thereto.*

Dkt. 28 at 7 (emphasis added). The application was incorporated by reference in the order of employment. See Dkt. 33 at p. 1 and ¶ 1 ("The application is GRANTED in its entirety.").

Because the Court has since ordered that all funds recovered from the underlying *qui tam* action be held in escrow pending resolution of the pending dispute, the Estate of Donald Johnson-Deceased has not received its share of the first installment payment defendants have made to the United States.

Additionally, the Chapter 7 Trustee's request for relief on this Application, if granted, would impinge upon, and interfere with, the Estate of Donald Johnson-Deceased's rights and obligations to receive and assign to McInnis Law the statutory fees and expenses provided for in its retention agreement with McInnis Law and the terms and conditions of the settlement agreement with the *qui tam* action defendants.

**E. THE COST REQUEST DOES COMPLY WITH RULE 016-1(a)(1)(F)**

The Chapter 7 Trustee claims that the McInnis Law application for reimbursement of costs is procedurally deficient. See Chp. 7 Trustee's Mem. at 6. The Trustee says the

Application fails to include "summaries of costs by category." This is simply not true. The Application includes a completed F 2016-1.2.APP.PAYMENT.FEES form, which sets forth summaries of the various categories of expenses. See Dkt. 48, item 12 (a) through (f) and attached continuance page.

The Chapter 7 Trustee further claims that the McInnis Law application for reimbursement of expenses has insufficient detail and includes attorneys' fees as well as expenses. These contentions are also false. See McInnis Law's itemized report for expenses. Dkt. 47, Ex. 2. This report provides precise details for all claimed expenses. This is done by identifying the type of expense and a narrative explaining how and why the expense was incurred. The report also shows that McInnis Law did not include the amount of any attorneys' fees in the request for expenses.

Lastly, without any stated basis, the Chapter 7 Trustee insinuates that some of the expenses are excessive. He points specifically to a Jet Blue charge for travel between NY and LA and a monthly hosting charge from Everlaw, Inc., a data base manager that housed the hundreds of thousands of pages used in the *qui tam* civil action. Copies of an American Express statement excerpt verifying and detailing the questioned Jet Blue expense and an example of an Everlaw monthly invoice for hosting discovery in the *qui tam* action are attached hereto as Ex. B and C, respectively. [2]

But all of the above is really beside the point. McInnis Law is not seeking reimbursement of expenses pursuant to an itemized billing, but rather it is seeking such funds pursuant to the terms and conditions of the retention agreement between McInnis Law and Haedeuk Yae. That document was executed more than three and one-half years before Mr. Yae filed his Chapter 7 petition. It established a contingency fee and assigned all statutory fees and expenses agreed to by the defendants or awarded by the District Court to McInnis Law. The

---

[2] The undersigned represents under penalty of perjury that Ex. B is a true and correct copy of an excerpt of a monthly statement for the American Express account of McInnis law, and Ex. C. is a true and copy of a monthly invoice from Everlaw to McInnis Law for hosting the documents used during the *qui tam* civil action.

retention agreement also provided that Mr. Yae and his co-relator were to split all attorneys' fees and expenses fifty-fifty.

The Chapter 7 Trustee improperly ignores the legal effect of the above terms and conditions, as well as all other provisions in the retention agreement. See Dkt. 28, Ex. 2. This retention agreement was incorporated by explicit reference into the Application for Employing McInnis Law. And the application itself was incorporated into the resulting Order of Appointment. See Dkt. 28 ¶¶ 5, 9, 11 and Wherefore Clause at p. 6 ("WHEREFORE, the Trustee prays that he be authorized to employ the Firm as his special litigation counsel, with compensation at the expense of the estate *pursuant to the terms of the retention agreement with debtor, subject to the Court's approval and without any effect on the co-plaintiffs rights and obligations* under the terms of the retention agreement and co-plaintiffs' addendum thereto.") and Dkt. 33 at page1, respectively.

**<u>CONCLUSION</u>**

For the foregoing reasons, as well as all other submission in connection with these proceedings, the undersigned respectfully requests the Court grant the Application in its entirety.

DATED: October 27, 2026

KLEIMAN/RAJARAM

By ______________________

POOJA RAJARAM

# Exhibit A

**From:** Eric P. Israel
**To:** Tim Mcinnis
**Cc:** Eric P. Israel
**Subject:** FW: App to Employ Special Litigation Counsel_McInnis (002)
**Date:** Thursday, March 6, 2025 5:12:37 PM
**Attachments:** App to Employ Special Litigation Counsel McInnis (002) tim edits.doc

---

Tim: Your changes were all fine with one exception. You deleted the phrase in paragraph 11: "Notwithstanding the compensation agreement stated in paragraph 6 hereof, the Firm understands and has agreed that compensation for its services shall be such sums as may be allowed by the Bankruptcy Court in accordance with law, the parties' compensation agreement, the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors." You are being retained under 11 U.S.C. section 328(a), which includes that following:

"Notwithstanding such terms and conditions [of retention], the court may allow compensation different from the compensation provided under such terms and conditions after the conclusions of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time fo the fixing of such terms and conditions."

The sentence above needs to be included. I can tell you that courts very rarely upset a contingency fee agreement, but it does happen sometimes. Please confirm I can add this sentence back in.

thanks

# Exhibit B

AMERICAN EXPRESS

**Business Platinum Card**
TIMTHY J MCINNIS ESQ
TIMOTHY J MCINNIS
Closing Date 06/18/25



Account Ending 5-64006

**Detail Continued**

♦ - Pay Over Time activity

| | | | | Amount |
|---|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 06/11/25 | TRAVELOCITY<br>JETBLUE<br>From: N.Y. J F KENNEDY I<br>To: LOS ANGELES INTERN; N.Y. J F KENNEDY I<br>Ticket Number: 27972957697263<br>Passenger Name: MCINNIS/TIMOTHY JOSE<br>Document Type: PASSENGER TICKET | SEATTLE<br>Carrier: B6; B6<br>Class: D; C<br>Date of Departure: 06/17 | WA | $2,746.60 ♦ |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] | [redacted] | [redacted] ♦ |

Continued on reverse

# Exhibit C

**Tim Mcinnis**

| | |
|---|---|
| **From:** | Everlaw, Inc. <receipts+acct_1JO4PyLcjz5M3I8f@stripe.com> |
| **Sent:** | Tuesday, August 5, 2025 8:57 PM |
| **To:** | Tim Mcinnis |
| **Subject:** | Your Everlaw, Inc. receipt [#1178-3433] |

# Receipt from Everlaw, Inc.

Receipt #1178-3433

| AMOUNT PAID | DATE PAID | PAYMENT METHOD |
|---|---|---|
| $718.58 | Aug 5, 2025, 5:56:01 PM | AMERICAN EXPRESS - 2008 |

SUMMARY

Online Payment for NetSuite Invoice 163411

| | |
|---|---|
| Invoice 163411 × 1 | $718.58 |
| **Amount paid** | **$718.58** |

If you have any questions, contact us at ar@everlaw.com or call us at +1 844-383-7529.

Something wrong with the email? View it in your browser.

You're receiving this email because you made a purchase at [illegible], which partners with Stripe to provide invoicing and payment processing.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **12121 Wilshire Blvd., Ste. 810, Los Angeles, CA 90025**.

A true and correct copy of the foregoing document entitled

**REPLY TO CHAPTER 7 TRUSTEE'S OPPOSITION CONCERNING THE FINAL FEE APPLICATION OF SPECIAL LITIGATION COUNSEL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 27, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Sam S. Leslie, Chapter 7 Trustee
- Eric P Israel epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:
- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:
- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:
- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On October 27, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

If foregoing document is more than 25 pages and filed 14 or more days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 27, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration

that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Email service**:

Attorney for Sam S. Leslie, Chapter 7 Trustee

- **Eric P Israel** epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:

- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:

- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:

- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:

- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**Personal delivery or overnight delivery**:

If foregoing document is more than 25 pages and filed less than 14 days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2026 | Pooja Rajaram | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVED BY US Mail:**

Haedeuk Yae #10797
Haedeuk Yae
1024 Royal Oaks Dr. Apt 916
Monrovia, CA 91016-5416

The Honorable Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

Bank of America
Attn: Bankruptcy
4909 Savarese Cir
Tampa, FL 33634-2413

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Capital One Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 31293 .
Salt Lake City, UT 841311-0293

Capital One National Association
650 Dundee Rd
Northbrook, IL 60062-2747

Hunt & Henriques LLP
7017 Realm Drive
San Jose, CA 95119-1491

JPMorgan Chase Bank NA
Bankruptcy Mail Intake Team
700 Kansas Lane Floor 01
Monroe LA 71203-47741

Law Offices of Man deep Ru pal
4740 Green River Rd., Ste 209
Corona, CA 92878-9435

Mohela
Claims Department
633 Spirit Drive
Chesterfield MO 63005-1243

Myra Love
c/o Kenny Law Group P~
2400 Barranca Pkwy 40 ~
Irvine, CA 92606-5018

The Bureaus Inc
Attn: Bankruptcy
650 Dundee Rd., Ste 370
Northbrook, IL 60062-2757

Bertrand Ball Jr.
c/o Kenny law Group
2400 Barranca Pkwy 401
Irvine, CA 92606-5018