Pooja Rajaram [241777]
Mark Allen Kleiman [115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: pooja@krlaw.us
Email: mark@krlaw.us

Attorneys for Special Party in Interest
Noelle Johnson, as Successor to the
Estate of Donald Johnson

FILED
OCT 27 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HAEDEUK YAE,<br><br>Debtor. | Case No. 2:24-bk-19380-BR<br><br>Chapter 7<br><br>**REPLY TO US TRUSTEE'S OPPOSITION TO THE APPLICATION TO RETROACTIVELY EMPLOY COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN AND KLEIMAN/RAJARAM AS SPECIAL LITIGATION COUNSEL**<br><br>Date: 11/4/2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE AND HIS COUNSEL; AND ALL PARTIES IN INTEREST:

Pooja Rajaram submits this reply to the Statement of Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee") concerning the U.S. Trustee's opposition to the application to retroactively employ Cohen, Seglias, Pallas, Greenhall and Furman ("Cohen Seglias") and Kleiman/Rajaram as special litigation counsel.

**ARGUMENT**

The U.S. Trustee's main argument in his opposition is that Cohen Seglias and Kleiman/Rajaram do not merit retroactive employment as special litigation counsel because the delay in their application does not meet the exceptional circumstances requirement for retroactive employment. He further claims that their lack of expertise in bankruptcy matters and their belief that they were also employed as cocounsel pursuant to McInnis Law's successful employment as special litigation counsel is unavailing.

This argument does not take into account a number of key facts in this case. First, it was only upon the Chapter 7 trustee's assertion that Cohen Seglias and Kleiman/Rajaram were not entitled to share in the fees awarded pursuant to the fee shifting provisions of the False Claims Act, 31 U.S.C. 3729 et. seq. (See Dkt 50) that, in an attempt to ameliorate this newly discovered deficiency, Cohen Seglias and Kleiman/Rajaram filed the application for retroactive employment at issue here. Prior to this point, both Cohen Seglias and Kleiman/Rajaram were unaware they had to be separately employed. This is because in the application to employ McInnis Law as special litigation counsel for the False Claims case, the Chapter 7 trustee specifically acknowledged not only the existence of co-counsel (Dkt 28), but that a fee sharing agreement existed between McInnis Law, Cohen Seglias and Kleiman/Rajaram, including specific percentages and details of that arrangement. In Paragraph 13 of the Chapter7 trustee's application to employ McInnis Law as special litigation counsel (Dkt 28), the trustee acknowledges that no fee sharing agreement exists, except for the one between McInnis Law, Cohen Seglias and Kleiman/Rajaram. This application was subsequently granted in its entirety (Dkt 33). This, coupled with the fact that despite clear knowledge of co-counsel's efforts and participation in the case, at no point did the Chapter 7 trustee seek to employ Cohen Seglias and Kleiman/Rajaram. In addition to the fact that Kleiman/Rajaram and Cohen Seglias were clearly named as counsel of record in the False Claims case, and remained so through settlement and beyond, each firm was also acting as local counsel in Los Angeles and Washing D.C respectively (Dkt 44, Ex 7-9). As such the case could not have proceeded without their admission, as McInnis Law is admitted only in New York (Dkt28, Ex. 1). Therefore it was not

only known but required that they remain counsel of record in the False Claims Act case. As the Chapter 7 trustee's attorney is sophisticated and experienced bankruptcy counsel, special counsel McInnis, as well as his co-counsel Cohen Seglias and Kleimna/Rajaram relied on the specific inclusion of co-counsel and co-counsel fee allocation in the trustee's employment application and the lack of any other mention of an individual employment requirement as assurance that they would be paid the attorney's fees that they had earned from the statutory False Claims Act fees.

Second, The US Trustee's reliance on *In re THC Financial*, 837 F 2d 389 (9th Cir., 1988) is inapposite. This case dealt with the retroactive employment of a lobbyist and attorney whose efforts the court found provided no benefit to the bankruptcy estate. That along with the fact that the attorney in question provided no reason for the delay in employment application formed the basis for the court's decision. Here, there is no question that the services provided by Cohen Seglias and Kleiman/Rajaram in litigating the False Claims Act case on a declined basis provided a benefit to the bankruptcy estate. But for their efforts in conjunction with McInnis Law, a settlement would not have been achieved. The U.S. Trustee does not dispute this. Instead his argument turns on the fact that the reasons given for the delayed application were not extraordinary enough to merit retroactive employment. That is an analysis not undertaken by the court in *In re THC Financial.*

The other cases cited by the US Trustee in his opposition to the retroactive employment application of Cohen Seglias and Kleiman/Rajaram are equally unavailing. *In re Crook*, 79 B.R. 475 (9th Cir. BAP 1987) denied a retroactive employment application based on the fact that the professional in question did not file a retroactive fee application for 9 months ***after learning*** that their employment was not approved. Here, Cohen Seglias and Kleiman/Rajaram filed at the first opportunity after they learned that their employment as co-counsel was not covered by the Chapter7 trustee's retention of McInnis Law (Dkt 50 and Dkt 59). Furthermore, in contrast to the facts in *In re Kroeger* 57 B.R. 821 (9th Cir. BAP 1986), *In re Downtown Investment Club III,* 89 B.R. 59 (9th Cir. BAP 1988) and *Cushman Wakefield of Ct. v. Keren Ltd. Partnership (In re Keren Ltd Partnership)*, 189 F. 3d. 86 (2d Cir, 1999) delay in the application for employment

was not a result of negligence or inadvertence; it was a result of reliance on the representations made in the Chapter7's trustee's application to employ McInnis Law. Although experienced and seasoned bankruptcy counsel may well know that the requirement to apply for employment extended to co-counsel, it was reasonable for Cohen and Seglias and Kleiman/Rajaram to believe that their employment as co-counsel with McInnis Law was covered by his employment by the trustee, especially as the nature and scope of the arrangement between the three firms was explicitly listed as part of the employment application for McInnis Law that was granted by this Court in full.

It is also important to note that in determining whether a bankruptcy court allows a retroactive application for employment, it may consider not just the reason for the delay in the application, but also any prejudice, or lack thereof, to the estate as a result of the delay. Where there is no prejudice to the estate it is permissible to grant retroactive employment to a professional who has benefitted from the estate. See *In re Gutterman,* 239 B.R. 828 (9th Cir., 1999). In *Gutterman, supra,* , approval of the retroactive application for employment was based on the fact that failure to apply for employment was an isolated incident and the fac that the bankruptcy benefited from the services provided and was not prejudiced by the delay in the application for employment. The same holds true here. As stated above, the U.S. Trustee has not disputed that the bankruptcy estate benefitted from the services of Cohen Seglias and Kleiman/Rajaram. But for their litigation efforts, no settlement would have been achieved. There is also no prejudice to the bankruptcy estate in allowing for the retroactive employment of Cohen Seglias and Kleiman/Rajaram. The amount of statutory fees allocated to pay the attorneys for work done in the False Claims Act case was agreed to by Defendant and approved of by the United States (the real party in interest in this case). It is a fixed amount. Addition of Cohen Seglias and Kleiman Rajaram does not require the bankruptcy estate to pay out any additional monies.

Finally, The US Trustee notes that the policy behind having an employment application filed at the start of employment is to ensure that the US Trustee and creditors have adequate notice of the scope of work and termsof employment. All of this information was contained in

the employment application of McInnis Law as special litigation counsel. The fact that McInnis Law has associated Cohen Seglias and Kleiman/Rajaram as co-counsel, their proportionate share and the fact that attorneys/ fees would come from the fee shifting provision of the False Claims Act as opposed to through other assets of the bankruptcy estate was all set forth clearly in the Chapter 7 trustee's application to employ McInnis Law. This application was served on all parties including creditors and the US trustee and was granted by this Court in its entirety with no objections from any party. To state now that the US Trustee and the creditors were unaware of and unable to object to the existence and scope of cocounsel and the fact that Cohen Seglias and Kleiman/Rajaram were actively a part of the litigation efforts in the False Claims case is disingenuous. Allowing the bankruptcy estate to knowingly benefit from the services of experienced False Claims Act counsel and then refuse to pay them for services rendered would lead to a patently unfair result.

The U.S. Trustee also addresses the retroactive employment application of Cohen Seglias and Kleiman/Rajaram in his statement concerning the final fee application of special litigation counsel. As a threshold matter, the U.S Trustee mistakenly allocates the entire sum of $467,240 (i.e. the full amount of attorneys' fees agreed upon in the settlement agreement with Defendant in the False Claims Act action) to the bankruptcy estate. As delineated by the co-relator agreement appended to the employment application of McInnis Law, half of this amount is the property of the co-relator's Donald Johnson's estate, to be disposed of as it sees fit; the bankruptcy court does not have any jurisdiction over this half, as it is not a part of the bankruptcy estate (i.e. it was never an asset owned by the debtor).

The issue of the False Claims Act ("FCA") statutory attorney fees became contentious shortly after the settlement was agreed to and approved by the U.S Government. Pursuant to the mediator's proposal and approved by the United States, $500,000 was to be allocated to FCA damages and subject to a 28.5% relator's share and $490,000 was allocated to attorneys' fees and expenses under the fee and cost shifting provision of the FCA (31 U.S.C 3730 (d)(2)). The Chapter 7 trustee believed that some of the debtors half of the attorneys' fees and expenses should be allocated to the bankruptcy estate to pay creditors and bankruptcy counsel. Because

these fees and expenses were explicitly earmarked for FCA counsel and all interests in these fees and expenses were assigned to FCA counsel pursuant to the relators' retainer agreement with McInnis Law, both Cohen Seglias and Kleiman/Rajaram fully believed that they were not part of the bankruptcy estate at all. Therefore both firms filed a truthful attestation to the fact that they were not employed by the bankruptcy trustee and did not believe that the bankruptcy court retained jurisdiction over FCA attorney fees. After the hearing on May 12, 2026, the court ruled that a fee application was necessary to ensure proper disbursement of these fees. Pursuant to that ruling, McInnis Law filed a fee application that included Cohen Seglias and Kleiman/Rajaram on July 13, 2026 (Dkt 45-49). This fee application included detailed time records and hourly rates for the work done by both Kleiman/Rajaram and Cohen Seglias. When the bankruptcy trustee raised the issue that in order to be paid pursuant to a fee application Cohen Seglias and Kleiman/Rajaram needed to be employed pursuant to section 327(e), they filed the instant retroactive application of employment as special litigation counsel. As detailed above, this application should be granted as the work done benefitted the bankruptcy estate, there is no prejudice to the bankruptcy estate and there are exceptional circumstances behind the delay.

The U.S Trustee also argues that because Cohen Seglias and Kleiman/Rajaram did not file separate fee applications they are currently barred from doing so and cannot share in the FCA fees awarded pursuant to the fee shifting provision of the FCA. He also claims that just because the sharing agreement was explicitly disclosed in the employment application of McInnis Law (which was approved in its entirety) this somehow does **not** mean that the sharing agreement was approved. This argument leads to a patently unfair result, where counsel relied upon the Chapter 7 trustee's acknowledgment of their retention as FCA counsel, their work on the FCA case, and the sharing agreement in place between them and McInnis Law, and now at this late date are told that they are not allowed to share in fees that they have earned and instead are required to work for free.

## CONCLUSION

WHEREFORE, Cohen Seglias and Kleiman/Rajaram respectfully request that the Court approve their retroactive application for employment as special litigation counsel effective March 25, 2025.

DATED: October 27, 2026

KLEIMAN/RAJARAM

By: ______________________
POOJA RAJARAM

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **12121 Wilshire Blvd., Ste. 810, Los Angeles, CA 90025**.

A true and correct copy of the foregoing document entitled

**REPLY TO US TRUSTEE'S OPPOSITION TO THE APPLICATION TO RETROACTIVELY EMPLOY COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN AND KEIMAN/RAJARAM AS SPECIAL LITIGATION COUNSEL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 27, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Sam S. Leslie, Chapter 7 Trustee
- Eric P Israel epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:
- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:
- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:
- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On October 27, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

If foregoing document is more than 25 pages and filed 14 or more days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 27, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration

that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Email service**:

Attorney for Sam S. Leslie, Chapter 7 Trustee
- **Eric P Israel** epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:
- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:
- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:
- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**Personal delivery or overnight delivery**:

If foregoing document is more than 25 pages and filed less than 14 days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 27, 2026 | Pooja Rajaram | [signature] |
| *Date* | *Printed Name* | *Signature* |

**SERVED BY US Mail:**

Haedeuk Yae #10797
Haedeuk Yae
1024 Royal Oaks Dr. Apt 916
Monrovia, CA 91016-5416

The Honorable Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

Bank of America
Attn: Bankruptcy
4909 Savarese Cir
Tampa, FL 33634-2413

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Capital One Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 31293 .
Salt Lake City, UT 841311-0293

Capital One National Association
650 Dundee Rd
Northbrook, IL 60062-2747

Hunt & Henriques LLP
7017 Realm Drive
San Jose, CA 95119-1491

JPMorgan Chase Bank NA
Bankruptcy Mail Intake Team
700 Kansas Lane Floor 01
Monroe LA 71203-47741

Law Offices of Man deep Ru pal
4740 Green River Rd., Ste 209
Corona, CA 92878-9435

Mohela
Claims Department
633 Spirit Drive
Chesterfield MO 63005-1243

Myra Love
c/o Kenny Law Group P~
2400 Barranca Pkwy 40 ~
Irvine, CA 92606-5018

The Bureaus Inc
Attn: Bankruptcy
650 Dundee Rd., Ste 370
Northbrook, IL 60062-2757

Bertrand Ball Jr.
c/o Kenny law Group
2400 Barranca Pkwy 401
Irvine, CA 92606-5018