Pooja Rajaram [241777]
Mark Allen Kleiman [115919]
KLEIMAN RAJARAM
12121 Wilshire Blvd., Ste. 810
Los Angeles, CA 90025
Telephone: (310) 392-5455
Facsimile: (310) 306-8491
Email: pooja@krlaw.us
Email: mark@krlaw.us

FILED
OCT 27 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: Deputy Clerk

Attorneys for Special Party in Interest
Noelle Johnson, as Successor to the
Estate of Donald Johnson

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>HAEDEUK YAE,<br><br>Debtor. | Case No. 2:24-bk-19380-BR<br><br>Chapter 7<br><br>**REPLY TO U.S. TRUSTEE'S STATEMENT CONCERNING THE FINAL FEE APPLICATION OF SPECIAL LITIGATION COUNSEL**<br><br>Date: 11/4/2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; THE CHAPTER 7 TRUSTEE AND HIS COUNSEL; AND ALL PARTIES IN INTEREST:

Pooja Rajaram submits this reply to the Statement of Peter C. Anderson, the United States Trustee for Region 16 (the "U.S. Trustee") concerning the final application for compensation and reimbursement of expenses ("Application") of McInnis Law ("Applicant" or "Special Counsel"), the Chapter 7 Trustee's special litigation counsel.

## I. SECTION 328(a) AND NOT SECTION 330 SUPPLIES THE STANDARD OF REVIEW

Presumably, because he fails to address it, the U.S. Trustee is unaware that at the time the Chapter 7 Trustee sought to retain McInnis Law as Special Counsel, the Chapter 7 Trustee's counsel assured Timothy McInnis expressly that his appointment would be pursuant to Section 328(a) of the Bankruptcy Code and not Section 330. See Ex. A, hereto ("*You are being retained under 11 U.S.C. section 328(a).*"(emphasis added)[1] McInnis Law is entitled to rely on that representation.

It is inexplicable, however, that the U.S. Trustee gives no weight to the Chapter 7 Trustee's submission of facts as to which this Court should take judicial notice. See Dkt. 35, ¶ 4(c). There, the Chapter 7 Trustee asks the Court to accept as fact that the McInnis Law's appointment was made pursuant to Section 328 and that "[t]he engagement and the allowance of fees and costs remain subject to Court approval with fees *to be considered under section 328.*" *Id.* (emphasis added) (citing Dkt. 28). Since this is part of the public docket in this case, it should have been known to the U.S. Trustee.

The U.S. Trustee also ignores entirely the unambiguous and pertinent language in the application the Chapter 7 Trustee submitted to retain McInnis Law as Special Counsel. On three separate occasions the application makes clear that the appointment is sought under Section 328(a) and not Section 330. See Dkt. 28 at 1("[T]he Chapter 7 trustee . . . respectfully applies for authority to employ the McInnis Law . . . as special litigation counsel, *with compensation pursuant to 11 U.S.C. § 328.*) (emphasis added). *Id.* at 5-6 (Notwithstanding such terms and conditions of the retention agreement, as provided in 11 U.S.C. Section 328(a), the Court may allow compensation different from the compensation provided under such terms and conditions after the conclusions of such employment *if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of*

---

[1] The undersigned represents under penalty of perjury that Ex. A is a true and correct copy of an email sent by Eric P. Isael, Esq., the Chapter 7 Trustee's counsel, to Timothy J. McInnis, Esq., dated March 6, 2025.

*such terms and conditions.*) (emphasis added for the standard of review under Section 328(a), not Section 330). *Id.* at 6 ("[McInnis Law] seeks to be compensated for its services *pursuant to 11 U.S.C. § 328*, subject to further request of the Court." (emphasis added).

Further, the U.S. Trustee tries to avoid application of Section 328(a)'s standard of review by trying to graft an "ambiguity" into the order of appointment where none exists. The Order of Appointment clearly states that the appointment is under Section 328 and says nothing about it possibly being under Section 330. See Dkt. 33 at ¶2 ("*The compensation to be awarded shall be fixed by the Court after notice and a hearing as may be required by 11 U.S.C. § 328* and other applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, and the practice and procedure of this Court.") (emphasis added). In other words, the Court's award is subject to notice and hearing applying Section 328(a)'s standard of review.

The foregoing evidence that (1) during the retention process McInnis Law and the Chapter 7 Trustee understood that the appointment was being made under Section 328 and (2) the Order of Appointment expressly stating the same is more than enough to distinguish this Application from the two cases on which the U.S. Trustee relies. The first purported Section 330 case it cites is *Friedman Enters. v. B.U.M Int'l Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824 (9th Cir. 2000). That case is readily distinguishable because neither the application for appointment nor the order of appointment ever mentioned Section 328. *Id.* at 829 (9th Cir. 2000) ("Neither § 328 nor § 330 were specifically referred to when [the investment bank] submitted its application for employment or when the bankruptcy court ruled on the application.").

Furthermore, in *Friedman* there was considerable pre-appointment litigation over the manner in which the professional would be compensated. This included objections by the U.S. Trustee and Creditors' Committee in writing and during a hearing, where the opponents insisted that all parties understand that compensation following the appointment would be determined under Section 330's "reasonableness and benefit" standard. *Id.* at 830.

The circumstances in *Friedman* are also so different from the circumstances in this Application that the policies and concerns at play in *Friedman* have no place here. There, the

professional was appointed post-bankruptcy petition as an investment banker to advise the debtor in preparing its reorganization plan. As to the work the professional subsequently performed, the bankruptcy court found that services it provided were unnecessary, produced no benefit to the debtor and in fact "had obstructed the creditors' attempts to put through a reorganization plan." *Id.* at 830. The absence of an express reference to employment pursuant to Section 328, together with the professional's misconduct warranted denying the professional's application for comparatively large contingency fee plus monthly charges. Most notably, prior to the appointment the U.S. Trustee and the Creditors' Committee objected to compensation that was not based on Section 330's reasonableness and benefit standard of review.

Under all of the above facts and circumstances, the Ninth Circuit Court of Appeals held in *Friedman* that it was proper for the bankruptcy court to apply Section 330's reasonableness and benefit standard. *Id.* at 831. But none of those circumstances exist here. The application and order for appointment explicitly reference Section 328 and the application expressly states that compensation will be determined by the terms and conditions in the retention agreement, subject to Section 328(a)'s "unanticipatable improvident" standard of review. And neither the U.S. Trustee, not any creditor or other interested person voiced any objection to the employment of McInnis Law under these conditions.

The instant Application's facts are more similar to those in *In re Merced Falls Ranch, LLC*, Nos. 11-19212-B-11, CN-1, 2012 Bankr. LEXIS 6138 (Bankr. E.D. Cal. Oct. 16, 2012), a post-*Friedman* case noting the limited scope of that case's reach. There the court held:

> In In re B.U.M Int'l, Inc., the Ninth Circuit reasoned that the bankruptcy court had not unconditionally approved the terms of an employment application under § 328 where the court's written order contained an additional proviso that "all fees and costs of [the professional] are subject to Court approval." 229 F.3d at 830. Because the fees were still subject to court approval, the court had intended to reserve its authority to conduct a "reasonableness and benefit to the estate" review under § 330. Id. In contrast, the facts in this case show that no such authority

> was reserved by this court. Though similar, the court's order approving Cappello's employment contained an additional qualifier, stating "*pursuant to the provisions of Section 328*, the award of fees and expenses is subject to court review and approval." Order Approval Employment of Cappello & Noël LLP as Special Litigation Counsel at 2 (ECF No. 48) (emphasis added in original). Because the court explicitly referenced § 328 in the order, review of the fees is only proper under the § 328 standard, rather than the one under § 330.

*Id.* at *16-17 n.12. Surely, the U.S. Trustee knew or should have known of this holding and should have discussed it in its opposition memorandum when citing *Friedman.* As noted by the Ninth Circuit Court of Appeals, "[t]here is no question that a bankruptcy court may not conduct a § 330 inquiry into the reasonableness of the fees and their benefit to the estate if the court already has approved the professional's employment under 11 U.S.C. § 328." *Friedman*, 229 F.3d at 829.

The other purported Section 330 case on which the U.S. Trustee relies is *Circle K Corp. v. Houlihan, Lokey, Howard & Zukin, Inc. (In re Circle K Corp.)*, 272 F.3d 1150 (9th Cir. 2001), amended and superseded on denial of reh'g, 279 F.3d 669 (9th Cir. 2002), cert. denied, 536 U.S. 959 (2002). That case also involved the post-petition retention of a financial advisor and its subsequent application for fees, not the pre-petition retention of an attorney for litigation services provided in a proceeding unrelated to the bankruptcy matter. Similar to the facts in *Friedman*, and different from the facts here, in *Circle K* there was no reference to either Section 328 or Section 330 in the application or order for employment. 279 F. 3d at 673. Additionally, the bankruptcy court in *Circle K* made clear that "its intent had been to approve a retention on the basis of § 330 and not § 328." In comparison, another professional involved in *Circle K*, like McInnis Law here, "did explicitly specify § 328 in its retention agreement" and that was given effect. *Id.* at 673.

Accordingly, *Circle K* should not be read as to mean that where, as here, the bankruptcy court expressly approves the retention of an attorney pursuant to the terms of a pre-

existing, pre-petition written agreement pursuant to Section 328, that those terms and conditions are null and void because the order of appointment did not expressly state it was "pursuant to Section 328(a) and not Section 330." If the Chapter 7 Trustee or the Bankruptcy Court had wished to approve McInnis Law's employment on some basis other than the terms and conditions of the McInnis Law retention agreement, as a matter of fairness to McInnis Law, one or the other should have proposed a different means of compensation *ab initio*. This would have allowed McInnis Law to reasonably decide whether to accept the engagement or not. In this case, McInnis Law could have declined to represent the Yae Estate and simply continued to represent the co-relator. The compensation would have been the same and would not have been subject to bankruptcy court review.

To hold otherwise, would be to engraft a condition into Rule 2014(a) of the Federal Rules of Bankruptcy Procedure that simply is not there. See *Nischwitz v. Airspect Air, Inc. (In re Airspect Air, Inc.)*, 288 B.R. 464, 475 (B.A.P. 6th Cir. 2003) ("The rule does not require the retention application to recite any particular Code section to be effective, merely requiring that the application state the proposed arrangement for compensation. In this connection, it is also interesting to note that none of the form applications for employment of professionals offered by Collier's treatise mention either § 328 or § 330. See 11 Collier on Bankruptcy pt. 12 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2002)).

The position taken by the U.S. Trustee on this Application is truly astonishing. First it completely overlooks the challenges that McInnis Law and its co-counsel faced in pursuing a declined False Claims Act case on behalf of the United States and the rarity of getting any recovery for the ultimate benefit of the American taxpayers, as occurred here. Second, the U.S. Trustee's position is completely at odds with the purpose of including fees and expense shifting provisions in the False Claims Act, 31 U.S.C. § 3730(d)(2), namely, to incentivize experienced relators' counsel to take on such difficult cases and deter fraud against the government. See *U.S.A. ex rel. Liotine v. CDW-Gov't, Inc.*, No. 3:05-cv-00033-DRH-PMF, 2013 U.S. Dist. LEXIS 138509, at *44 (S.D. Ill. May 17, 2013) (the False Claims Act's fee shifting provisions are intended "to (1) encourage other highly-skilled professionals to engage in False Claims Act

litigation and (2) have a deterrent effect on persons or corporations intending to engage in fraud against the federal government.") Third, the U.S. Trustee tries to hinder non-bankruptcy attorneys from relying on representations made by a bankruptcy trustee and its regular counsel as to the attorneys' compensation and the continuation of the terms and conditions of an existing retention agreement when the bankruptcy trustee requests these attorneys to continue to serve the bankruptcy estate after the relator files for bankruptcy protection.

The U.S. Trustee makes no claim that Section 328's "unanticipatable improvident" standard of review should be triggered by the facts and circumstances here. First, it expressly acknowledges that it takes "no position" on the Chapter 7 Trustee's claim that McInnis Law's purported legal malpractice constitutes a Section 328 exception. See U.S. Trustee Mem. at 2 n. 1 ("The U.S. Trustee takes no position on the Trustee's allegation that Special Counsel committed malpractice by failing to plead a fraud in the inducement theory."). Second, the U.S. Trustee does not adopt in any way, the Chapter 7 Trustee's assertion that the amount of fees and expenses requested by McInnis Law are so "grossly obscene" in comparison to the amounts recovered by the United States and the relators through the *qui tam* settlement that a departure from Section 328 is warranted. In short, the U.S. Trustee all but concedes that if the Court applies Section 328, then McInnis Law should be awarded the amount of fees and expenses requested.

Finally, the U.S. Trustee calls on the Court to award no compensation for legal services provided over the many years *of qui tam* action litigation prior to the filing of the bankruptcy petition here. U.S. Trustee's Mem. at 5. He cites no authority for this proposition. Perhaps, that is because this argument is preposterous on its face. No attorney is expected to work for free. Moreover, McInnis Law is not seeking compensation based on hours worked or billing rate. McInnis Law is seeking only to enforce (1) the terms and conditions of the retention agreement, which include compensation based on a set contingency rate —which McInnis Law voluntarily reduced—plus statutory hourly fees and expenses, and (2) the terms and conditions of the settlement agreement with the defendants in the *qui tam* action, which include the payment of a fixed, agreed upon amount for reasonable attorneys' fees and expenses.

## II. THE REQUEST TO DENY ANY COMPENSATION TO KLEIMAN RAJARAM AND COHEN SEGLIAS SHOULD BE DENIED

For the reasons set forth in their separately filed and respective replies, the Court should reject the U.S. Trustee's and the Chapter 7 Trustee's opposition to the payment of any fees to Kleiman Rajaram and Cohen Seglias for the services they provided in the underlying *qui tam* civil action. No one genuinely disputes that the services were rendered; that the claimed hours and rates are reasonable; that the United States and the Yae Bankruptcy Estate benefitted from these legal services; and that at the time of McInnis Law's appointment, and throughout the remainder of the *qui tam* litigation, the Chapter 7 Trustee and his counsel knew Kleiman Rajaram and Cohen Seglias had been serving, and were continuing to serve, as McInnis Law's co-counsel for the benefit of the Yae Bankruptcy Estate. It is unconscionable that the U.S. Trustee should seek to deny the payment of any and all co-counsel legal fees under these circumstances.

## III. BECAUSE SECTION 328(a) IS THE CORRECT STANDARD OF REVIEW, THE U.S. TRUSTEE'S THIRD POINT IS MOOT

The correct standard of review for the Application is Section 328(a) and not Section 330. See Point I, *supra*. Therefore, the U.S. Trustee's entire Point III is moot. And since the U.S. Trustee does not claim any "terms and conditions [in the McInnis Law retention agreement] prove[d] to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions," see Section 328(a), the U.S. Trustee is now precluded from arguing otherwise.

Additionally, the U.S. Trustee's attempt to create issues with the thoroughness and appropriateness of McInnis Law's billing and expense records are unavailing. As a preliminary matter, as noted in Point I, supra., this is a canard because McInnis Law is seeking only to enforce the terms and conditions of the retention agreement and *qui tam* settlement agreement and is not relying on billing records to establish the amounts to which it is entitled.

But the U.S. Trustee is also simply wrong on the facts. For example, he complains about the billing rate of $950, but this was the rate stated in the application for McInnis Law's

appointment as Special Counsel. See Dkt. 31 at ¶3. And as to lower rates for associates or paralegals, there are no requests for compensation for any persons performing those functions. Similarly, stating that one spent "X hours Reviewing Discovery" or "Preparing for Deposition" is not block billing because they refer to individual billing activities. See *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("block billing" refers to lumping together different types of billing activities). And even if one were to try to whittle down time spent for travel by 50% (which McInnis Law opposes because McInnis was typically working on the matter while flying between New York City and Los Angeles), the amount of compensation McInnis Law and its co-counsel actually incurred in the *qui tam* action exceeds the amount of compensation agreed to under the settlement in the *qui tam* action by at least 50%.

Moreover, the retention agreement between McInnis Law and Haedeuk Yae, which was executed more than three and one-half years before Mr. Yae filed his Chapter 7 petition, established a contingency fee and assigned all statutory fees and expenses agreed to by the defendants or awarded by the District Court to McInnis Law. It also provides that Mr. Yae and his co-relator were to split all attorneys' fees and expenses fifty-fifty. The U.S. Trustee improperly ignores the legal effect of these and all other provisions in the retention agreement. See Dkt. 28, Ex. 2. This retention agreement was incorporated by explicit reference into the Application for Appointing McInnis Law, which itself was incorporated into the resulting Order of Appointment. See Dkt. 28 ¶¶ 5, 9, 11 and Wherefore Clause at p. 6 ("WHEREFORE, the Trustee prays that he be authorized to employ the Firm as his special litigation counsel, with compensation at the expense of the estate *pursuant to the terms of the retention agreement with debtor, subject to the Court's approval and without any effect on the co-plaintiffs rights and obligations* under the terms of the retention agreement and co-plaintiffs' addendum thereto.") and Dkt. 33 at page1, respectively. The Trustee also completely disregards the value of time spent prior to Mr. Yae's retention of McInnis Law even though the same research fraud claim that was developed and presented to the government before their declination and the co-relator's voluntary dismissal without prejudice was relitigated when the case was reinstated. Accordingly, the U.S. Trustee's request to apportion time before, during and after the

appointment of McInnis Law and not compensate McInnis Law for all of its efforts related to the successful outcome of the *qui tam* action is unavailing.

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, as well as all other submission in connection with these proceedings, the undersigned respectfully requests the Court grant the Application in its entirety.

DATED: October 27, 2026 KLEIMAN/RAJARAM

By: ______________________
POOJA RAJARAM

# Exhibit A

**From:** Eric P. Israel
**To:** Tim Mcinnis
**Cc:** Eric P. Israel
**Subject:** FW: App to Employ Special Litigation Counsel_McInnis (002)
**Date:** Thursday, March 6, 2025 5:12:37 PM
**Attachments:** App to Employ Special Litigation Counsel McInnis (002) tjm edits.doc

---

Tim: Your changes were all fine with one exception. You deleted the phrase in paragraph 11: "Notwithstanding the compensation agreement stated in paragraph 6 hereof, the Firm understands and has agreed that compensation for its services shall be such sums as may be allowed by the Bankruptcy Court in accordance with law, the parties' compensation agreement, the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors." You are being retained under 11 U.S.C. section 328(a), which includes that following:

"Notwithstanding such terms and conditions [of retention], the court may allow compensation different from the compensation provided under such terms and conditions after the conclusions of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time fo the fixing of such terms and conditions."

The sentence above needs to be included. I can tell you that courts very rarely upset a contingency fee agreement, but it does happen sometimes. Please confirm I can add this sentence back in.

thanks

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **12121 Wilshire Blvd., Ste. 810, Los Angeles, CA 90025**.

A true and correct copy of the foregoing document entitled

**REPLY TO U.S. TRUSTEE'S STATEMENT CONCERNING THE FINAL FEE APPLICATION OF SPECIAL LITIGATION COUNSEL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 27, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Attorney for Sam S. Leslie, Chapter 7 Trustee
- Eric P Israel epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:
- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:
- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:
- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On October 27, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

If foregoing document is more than 25 pages and filed 14 or more days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 27, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration

that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Email service**:

Attorney for Sam S. Leslie, Chapter 7 Trustee
- **Eric P Israel** epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Attorney for Debtor:
- Roland H Kedikian roland@kedikianlaw.com, g2547@notify.cincompass.com; kedikian.rolandb126341@notify.bestcase.com

Chapter 7 Trustee:
- Sam S Leslie (TR) sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Attorney for United States Trustee:
- Kelly L Morrison kelly.l.morrison@usdoj.gov

United States Trustee:
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

**Personal delivery or overnight delivery**:

If foregoing document is more than 25 pages and filed less than 14 days before the hearing:

Honorable Barry Russell
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2026 | Pooja Rajaram | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVED BY US Mail**:

Haedeuk Yae #10797
Haedeuk Yae
1024 Royal Oaks Dr. Apt 916
Monrovia, CA 91016-5416

The Honorable Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Ste 1660
Los Angeles, CA 90012

Bank of America
Attn: Bankruptcy
4909 Savarese Cir
Tampa, FL 33634-2413

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Capital One Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One
PO Box 31293 .
Salt Lake City, UT 841311-0293

Capital One National Association
650 Dundee Rd
Northbrook, IL 60062-2747

Hunt & Henriques LLP
7017 Realm Drive
San Jose, CA 95119-1491

JPMorgan Chase Bank NA
Bankruptcy Mail Intake Team
700 Kansas Lane Floor 01
Monroe LA 71203-47741

Law Offices of Man deep Ru pal
4740 Green River Rd., Ste 209
Corona, CA 92878-9435

Mohela
Claims Department
633 Spirit Drive
Chesterfield MO 63005-1243

Myra Love
c/o Kenny Law Group P~
2400 Barranca Pkwy 40 ~
Irvine, CA 92606-5018

The Bureaus Inc
Attn: Bankruptcy
650 Dundee Rd., Ste 370
Northbrook, IL 60062-2757

Bertrand Ball Jr.
c/o Kenny law Group
2400 Barranca Pkwy 401
Irvine, CA 92606-5018